JOE DICKENS, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. An indictment should not be quashed on account of any de-
   fect in the form thereof, unless the court shall be of the
   opinion that the indictment is so vague, indistinct and
   indefinite as to mislead the accused and embarrass him in
   the preparation of his defense or expose him after convic-
   tion or acquittal to substantial danger of a new prosecu-
   tion for the same offence.

2. This court cannot consider any grounds of objections to the
   admissibility of evidence, except such as were made in
   the court below; the plaintiff in error being confined to
   the specific grounds of objection made by him in the trial
   court.

2 S. C.

3.  Where a question to a witness is not improper in itself and does not necessarily call for any illegal or improper evidence, an objection to such question should be overruled.

4.  Where an answer to a question presents evidence which is illegal or objectionable on any known ground, the proper practice is a motion to strike it out and have the jury directed not to consider it, the movant specifying his objections to the evidence with like particularity as in objecting to questions.

5.  While trial judges should not permit private conversations with them in reference to any question or issue arising in the trial of any criminal cause before them by the prosecuting attorney or anyone else, yet when such conversation relates solely to a request for a temporary adjournment, it is not sufficient ground for reversal.

6.  Hearsay testimony is properly stricken out on motion.

7.  Where there is evidence to support the verdict, it will not be disturbed or set aside by an appellate court, as being against the evidence, where its propriety depends entirely upon the credibility of conflicting witnesses.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

C. L. Wilson, for Plaintiff in Error.

W. H. Ellis, Attorney-General, for the State.

SHACKLEFORD, C. J.   At the Spring term, 1904, of the Circuit Court for Jackson county the plaintiff in error, Joe Dickens, (hereinafter referred to as the defendant), was indicted for murder in the first degree and was tried

at the same term, which trial resulted in a verdict of guilty, with a recommendation to the mercy of the court, and the defendant was sentenced to the State prison for life. From this judgment and sentence the defendant seeks relief here by writ of error.

The first error assigned is based upon the overruling of the motion to quash the indictment. The ground of this motion was that the indictment "is vague, indefinite and uncertain and insufficient." The argument made here to support this assignment is that the indictment does not sufficiently allege that "the wounds were inflicted from a premeditated design to effect death," and Simmons v. State, 32 Fla. 387, 13 South. Rep. 896, is cited to support this contention. We fail to find any proper basis for this assignment in the record, and are of the opinion that the record does not sustain the defendant's contention. We deem it unnecessary to set forth the indictment. Suffice it to say that we have given it a careful examination and are of the opinion that it is sufficient to withstand the assault made upon it, and that it complies with the requirements laid down in Simmons v. State, *supra*. It is true that the word "body" is omitted in one place therein and it may be that the English is bad, but this is not sufficient to vitiate the indictment. Wharton's Crim. Pl. & Pr., (8th ed.) Sec. 273. The indictment was not "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Section 2893 of Rev. Stats. of 1892; Green v. State, 17 Fla. 669; Tuberson v. State, 26 Fla. 472, 7 South. Rep. 858. The omitted word was evidently the result of a clerical mistake. State v. Shaw, 58 N. H. 74.

The second assignment is as follows: "2nd. Because the court erred in permitting the witness, J. A. Finlayson, over defendant's objection, to testify that he measured the tracks and then measured the foot of this defendant and that the measurements compared exactly in size."

The record shows that Charley Ely, with whose murder the defendant was charged, came to his death on or about the 24th day of July, 1896, that on the next morning J. A. Finlayson, who was then the sheriff of Jackson county, went out to the place where the tragedy occurred and found certain tracks or foot-prints in the vicinity, which he proceeded to measure with a stick. The bill of exceptions discloses the following state of facts in connection with this assignment:

"Q. 'Did you make any comparison of the track you have just described with the shoe he had on, or any measurement of his shoe?' By Mr. Wilson (Counsel for defendant): 'We object upon the grounds that it was shown that he had this defendant under arrest, and if he did measure the shoe that the defendant had on, he was forcing the defendant to give evidence against himself; he was under arrest and could not help himself, he had to do it.' By the Court: 'Did you question the Sheriff as to whether he compelled this man to submit to it?' The witness: 'I did not resort to any force or violence to compel this man to have his shoe measured. I told this man to hold up his foot, I wanted to measure his shoe, and he held it up.' By Mr. Wilson: 'That's what I object to, he was under constraint, he could not help himself.' By the court: 'Was this done freely and voluntarily?' By the witness: 'He reluctantly held up his foot, he did not do it very quickly.' By the Court: 'We will let the question in, I will strike it out if I find it objectionable.' The defendant, by his attorneys, then and there excepted to

the ruling of the court." The witness then proceeded to give his testimony concerning the measurement and comparison of the tracks and the defendant's shoe, which we deem unnecessary to set forth in detail. No motion was made to strike out this testimony, or any part of it until the witness was turned over to the defendant for cross-examination, when, after a number of questions had been answered by the witness, the following motion was made: "I move to strike out his testimony about his measuring that track and measuring the shoe, upon the ground that he has not offered the best evidence. The best evidence would be the stick and not his parol testimony." Before any ruling was made upon this motion the State propounded the following question: "Where is that stick or measure that you speak of using when measuring the shoe." To this question the witness replied, "I threw it out of my office about a year ago, with the pair of old shoes. Since the party here was arrested I have made a search for the stick and shoes." Thereupon the court overruled the motion, to which ruling an exception was duly taken. This forms the basis for the third assignment of error, which is as follows: "3rd. The court erred in overruling the motion of defendant below to strike out the testimony of the witness, J. A. Finlayson, to the effect that he measured the tracks and then measured the feet of the defendant and they corresponded exactly, the defendant below having objected to such testimony, and having moved to strike it out, on the ground that the stick with which the measurements were made should have been introduced in evidence."

These two assignments have been argued together.

It is contended here that "to require a defendant, under arrest, to hold up his foot against his will to compare a measurement is making defendant give evidence

against himself," in violation of Sec. 12 of the Declaration of Rights of the Constitution, which provides that no person shall be "compelled in any criminal case to be a witness against himself." We fail to find from the testimony wherein this section of the Constitution was violated. It does not appear that any force or violence was used to obtain the measurement of defendant's shoe, that he was compelled to hold up his foot, or even that he objected to so doing, but simply that "he reluctantly held up his foot, he did not do it very quickly." This being true, we have not before us for determination the question defendant argues. We recognize that there is quite a conflict of authority concerning what the books have termed "bodily exhibition," but there is no occasion for us to express any opinion upon this controverted question now. See 3 Wigmore's Evidence, section 2265; Abbott's Trial Brief, Criminal Causes (2nd ed.) 507 *et seq.* This court can not consider any grounds of objections to the admissibility of evidence, except such as were made in the court below; the plaintiff in error being confined to the specific grounds of objection made by him in the trial court. Markey v. State, 47 Fla. 38, 37 South. Rep. 53, and authorities there cited. The question objected to was not improper in itself and did not necessarily call for any illegal or objectionable evidence. If, however, the defendant conceived the answer to be objectionable on any known ground, the proper practice was a motion to strike it out and have the jury directed not to consider it, the movant specifying his objection to the evidence with like particularity as in objecting to questions. Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611; Schley v. State, 48 Fla. 53, 37 South. Rep. 518. There is no merit in the motion to strike out the testimony upon

the ground stated therein, as the stick with which the measurement was made was shown to be innocently lost. We find no error in the second and third assignments.

The fourth assignment is to the effect that the court erred in permitting the State Attorney to have a whispered conversation with him during the examination of a witness on the stand in the trial of the cause. It appears from the bill of exceptions that when the defendant excepted to the State Attorney consulting with the court, the State Attorney said: "If your Honor pleases, I would be glad if you would inform the counsel that I simply requested your Honor to take a recess for a few minutes after the examination of this witness," to which the court replied, "That was all." We fully approve of the rule laid down in Peaden v. State, 46 Fla. 124, 35 South. Rep. 204, but we find no error here.

The fifth error assigned is that "The court erred in striking out the testimony of defendant to the effect that there had been trouble between Coss Williams and the deceased and Jake White and the deceased."

This testimony was clearly objectionable, as defendant did not claim or state that he knew there had been trouble between either one of the persons named and the deceased, but simply that he had heard so, therefore, no error was committed in granting the motion to strike it out.

The sixth and last error assigned is based upon the overruling of the defendant's motion for a new trial. This motion contains seven grounds, but we have already considered and passed upon all of them in dealing with the other assignments, with the exception of the last two, which are to the effect that the verdict is contrary to and not supported by the evidence, and contrary to the law and the charge of the court.

We have given all the evidence the most careful consideration. While it is conflicting, we are of the opinion that there was sufficient evidence to warrant the jury in finding the defendant guilty. This finding was concurred in by the trial judge, who refused to disturb the verdict. We must do likewise. See McNish v. State, 45 Fla. 83, 36 South. Rep. 176, and numerous authorities there cited. All of the instructions requested by the defendant were given to the jury, and no complaint is made here of any of the charges, the argument upon this assignment being confined to the contention that the verdict was not supported by the evidence.

Finding no reversible error in the record, the judgment of the Circuit Court must be affirmed, and it is so ordered; the costs of this appellate proceeding to be taxed against the county of Jackson.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, P. J., and HOCKER, J., concur in the opinion.

PARKHILL, J., being disqualified, took no part in the consideration of this case.