J. C. CLARK, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed December 1, 1914.

1. An indictment should not be quashed on account of any defect in the form thereof, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

2. Testimony given by a bankrupt in bankruptcy proceedings, under the provisions of the 7th Section of the U. S. Bankruptcy Act, is not admissible against such bankrupt in a criminal prosecution instituted against him for embezzlement in the State court.

Writ of error to Circuit Court for Jackson County; D. J. Jones, Judge.

Judgment reversed.

*Price & Price,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—J. C. Clark and P. S. Forrester

28—Vol. 68

were indicted for the crime of embezzlement, alleged to have been committed by them while engaged in the mercantile business as co-partners under the firm name and style of Clark & Forrester. The defendants were alleged to be the agents, servants and trustees of the American Agricultural Chemical Company, a corporation, and while acting as such agents, servants and trustees of such company were charged with the embezzlement of the sum of thirteen hundred and ninety-one and 90-100 dollars in money, the property of such company, which the defendants had collected and failed and refused to pay over on demand. A motion for severance was granted and J. C. Clark was tried and convicted and sentenced to pay a fine of one thousand dollars and the costs of the prosecution, or, in default of such payment, to confinement in the county jail at hard labor for a period of six months.

The first assignment is based upon the overruling of the motion to quash the indictment, which is based upon several grounds, all of which question the sufficiency of the indictment in certain specified particulars. We do not copy either the indictment or the motion. Suffice it to say that the indictment, which is obviously based upon Section 3308 of the General Statutes of Florida, though rather loosely drawn and by no means a model, we think, sufficiently complies with the requirements of such statute to warrant the overruling of the motion to quash. It is not characterized by the defects which we held in Townsend v. State, 63 Fla. 46, 57 South. Rep. 611, to be of such a nature as to vitiate the indictment, therefore this case which is cited by the defendant in support of this assignment is not controlling. Following the policy of the Legislature as expressed in Section 3962 of the General Statutes of Florida, we have several times held: "An indictment should not be quashed on account of any defect in

the form thereof, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." See Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Mills v. State, 58 Fla. 74, 51 South. Rep. 278. We must hold that this assignment has not been sustained.

We next take up for consideration the tenth assignment of error, which is as follows: "The court erred in permitting the witness Nannie E. McAliley, court reporter in and for the Ninth Judicial Circuit of Florida, to read as evidence before the jury her notes of the testimony of the defendant Clark, which was given by him in the bankruptcy proceedings of Clark & Forrester when he was being examined at the meeting of the creditors, by them, and in overruling the objections of the defendant, to the reading of such notes as evidence against the defendant." We find that to the introduction of this proffered testimony of the stenographer's notes as to the testimony given by the defendant in the bankruptcy proceedings instituted by the defendant and his co-partner, Forrester, whereby they sought to be adjudged bankrupts, the defendant interposed several grounds of objection, all of which were overruled and such testimony admitted, which was of material nature and necessarily harmful to the defendant. We think that this error is well assigned. The 7th Section of the Bankruptcy Act, relating to the "Duties of Bankrupts" and requiring the bankrupt to attend the first meeting of his creditors, if directed by the court or a judge to do so, and to submit to an examination at such time, and at such other times as the court shall order, contains the following provision: "but no testimony given by him shall

be offered in evidence against him in any criminal proceeding." We would refer to the discussion in Jacobs v. U. S., 161 Fed. Rep. 694, and Alkon v. U. S., 163 Fed. Rep. 810. Even if it be true that this inhibition applies only to Federal, and not to State, courts, under the principle announced in Forcheimer v. Holly, 14 Fla. 239, which may be doubted, though it is not necessary to be determined in this case, it would not avail the prosecution. To permit the introduction of such proffered testimony would be violative of the provision of Section 12 of the Declaration of Rights in our State Constitution in compelling, indirectly at least, the defendant in a criminal case to be a witness against himself. See Daniels v. State, 57 Fla. 1, 48 South. Rep. 747. For the error in admitting this testimony the judgment must be reversed, therefore it becomes unnecessary to discuss the other errors assigned. We think it well to say, however, that in other respects the evidence is not as satisfactory as it should be.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.