DEXTER CAWTHON v. STATE.

159 So. 366.

Opinion Filed February 11, 1935.

*Coe & McLane,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Plaintiff in error was convicted with another under an indictment charging the offense of assault with intent to commit murder in the second degree.

It is contended here that the indictment was so vague and indefinite as to be fatally defective and should have been quashed on motion timely made.

While the indictment is not as clear in its allegations as perfect pleadings would require, it is well settled in this jurisdiction that an indictment should not be quashed on account of defect in form, unless it is so vague and indefinite as to mislead the accused. Dickens v. State, 50 Fla. 17, 38 Sou. 909; Clark v. State, 68 Fla. 433, 67 Sou. 135; Strobar v. State, 55 Fla. 167, 47 Sou. 4; Sasser v. State, 79 Fla. 490, 8 Sou. 380.

It is next contended that the alleged confession of the accused admitted over the protest of the accused on the trial of this case should have been excluded; that there was no sufficient evidence to sustain a conviction without this confession and that the confession was not admissible because it was obtained by coercion.

The trial judge conducted a preliminary examination not in the presence of the jury as to the circumstances under which the confession was obtained and made. The evidence touching this question was conflicting and the trial court resolved the conflicts in favor of the admissibility of the evidence.

In Davis v. State, 90 Fla. 317, 105 Sou. 843, we said:

"It is well settled that to render a confession by one charged with crime admissible in evidence against him it must be voluntarily made though it may not be the spontaneous utterance of the one charged and it may be obtained by questioning in custody of an officer, or in jail.

"The question of whether or not a confession is voluntary is one for the trial judge to determine and even though the evidence as to voluntariness be conflicting if called upon to review the ruling of the trial court, the appellate court must indulge the presumption that the finding was correct.

"Circumstances constituting improper influences that would exclude confession present questions of law reviewable by the appellate court, but the credibility of conflicting evidence are questions for the determination of the trial court, unless error in the conclusion in the court below is manifest.

"When the State has proven the confessions to be free and voluntary the burden is then cast on the defendant to rebut this proof."

In support of these conclusions, we cited:

"Underhill on Criminal Evidence (2nd Ed.), 140; Mc-Nish v. State, 47 Fla. 69, 36 South. Rep. 176; McDonald v. State, 70 Fla. 250, 70 South. Rep. 24; Phillips v. State, 88 Fla. 117, 101 South. Rep. 204." And also, "Thomas v. State, 58 Fla. 122, 51 South. Rep. 410."

On authority of the opinions and judgments in the cases above cited, we hold that the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

BROWN, J., dissents.