JOE SCHONFELD, *et al.*, v. MINNIE ENGLER

160 So. 879.

Division B.

Opinion Filed April 25, 1935.

*J. N. Norris* and *Louis Heiman,* for Appellant;

*Albert S. Dubbin* and *Nat L. Williams,* for Appellee.

BUFORD, J.—The appellee filed a bill of complaint against the appellant, Jacob Engler, to coerce the payment of separate maintenance, suit money and solicitor's fees. That bill was filed on May 13, 1932. On November 21, 1932, she filed an amended bill of complaint in which she made Joe Schonfeld, also known as Joseph Schonfeld, party defendant.

In the amended bill of complaint, besides the relief prayed in the original bill of complaint, she sought to set aside and cancel certain conveyances of real estate made and executed by a corporation, The Miami and Miami Beach Sea Salt Company, a Florida corporation, to Joe Schonfeld, and to set aside and cancel certain other conveyances of real estate made to Joe Schonfeld upon the ground that such conveyances were fraudulently made and without consideration. She prayed for the appointment of a Receiver to immediately take charge of the property described and that the Receiver be ordered to collect all rents, issues and pro-

ceeds from said property and that the income from said property be turned into the registry of the court to await further order of the court.

On final hearing, amongst other things, it was decreed: "That the deeds and title to the properties hereinafter described, heretofore owned by the Miami and Miami Beach Sea Salt Company, a Florida Corporation, and conveyed to Joseph Schonfeld, one of the defendants in the above and foregoing cause, be and the same are hereby declared null and void as to the right, interests and equities of the complainant, Minnie Engler, a complete description of the said properties being as follows, to-wit:

"All of Collins Subdivision of the East one-half (E½) of Lots One (1) to Five (5) inclusive, and Lots Sixteen (16) to Twenty (20), of Block Four (4) of Japes (or Sosts) Addition to the City of Miami, Florida, the same being a subdivision of Government Lot One. (1) or the Southwest Quarter (SW¼) of Section Thirty-six (36) Township Fifty-three (53) South of Range Forty-one (41) East, according to plat thereof recorded in Plat Book Two 2, page 72, of the public records of Dade County, Florida, the common address of said property being known as 1346 and 1356 Northwest Fifth Avenue.

"Lot Forty-one (41) according to the second amended Plat of Peacock's re-subdivision of Lots Two (2) and Three (3), of Block Sixteen (16) of Ericson's Addition to the City of Miami, Florida, which said Plat is recorded in Plat Book 1 at page 151, in the office of the Clerk of the Circuit Court in and for Dade County, which same property is otherwise described as, Lot Forty-one (41) of Peacock's re-subdivision of Lots Two (2) and Three (3) of Block Sixteen (16) of Ericson's Addition to the City of Miami, Florida, and to the second amended plat of said

re-subdivision, dated September 25, 1912, and recorded in the office of the Clerk of the Circuit Court, in and for Dade County, Florida, in Plat Book No. 1, at page 161 of the Public Records of Dade County, Florida, being 50x140' more or less, the common address of said property being known as 1753 Northwest Fourth Court.

"Lots Twenty-one (21) to Twenty-four (24) of Waddell's re-subdivision of Section Thirty-four (34) of Johnson and Waddell Addition to the City of Miami, Florida, according to plat thereof, recorded in Plat Book 1 at page 169, of the Public Records of Dade County, Florida, the common address of said property being known as 1600 and 1606 N. W. First Court, and 157 Northwest Sixteenth Street.

"South Thirty (30) feet of Lot Ten (10) Block Thirty-three (33) of Johnson and Waddell Addition to the City of Miami, the common address of said property being known as 1613 Northwest First Court.

"V.

"That the rents, incomes, issues and profits of the properties hereinabove described in paragraph IV, be and the same are hereby sequestrated for the purpose of paying to the said Complainant, Minnie Engler, the said several sums heretofore allowed, and all costs of these proceedings, and Solicitor's fees due to the Solicitors for the Complainant in this cause, for their services in her behalf, hereby set in the sum of Five Hundred ($500.00) Dollars, said sum being in addition to the Solicitor's fees heretofore granted in this cause.

"That Rupert L. Rackley be and he is hereby appointed as Trustee to take possession of the properties hereinabove described in Paragraph IV, and of the rents, incomes,

issues and profits of the said properties, to pay the following sums:

"Temporary alimony and support of the children $1400.00
Temporary Solicitor's fees .................................... 200.00
Permanent alimony and support of the children, at the rate of Twenty ($20.00) Dollars per week from the ninth day of April, 1934, until further order of this Court.
Solicitors' fees, in addition to the temporary fees heretofore decreed .............................................. 500.00

"together with all costs which may be computed by the Clerk of the Circuit Court, Sheriff's fees, and all costs of these proceedings; and that the said Trustee shall qualify as such Trustee by the posting of a bond in the sum of Two Thousand ($2000.00) Dollars."

We are mindful of the rule that decree of Chancellor will not be reversed on facts, unless it is made clearly to appear that the decree is erroneous.

We find no reason to question the propriety of the other parts of the decree entered aside from those above quoted, but a careful consideration of the evidence as contained in the transcript of the record and original exhibits properly presented to this Court convinces us that the title to the property described in the decree was lawfully vested in Joe Schonfeld; that he acquired the same in a lawful manner for good and sufficient consideration, that consideration being actual money amounting to many thousands of dollars; and that the complainant totally failed to prove the essential allegations of her bill of complaint so as to warrant the relief accorded by the foregoing paragraphs of the final decree.

Having reached this conclusion, it is unnecessary for us

to discuss other questions which are presented on brief and by counsel in oral argument before the Court.

The decree appealed from should be reversed with directions that the Chancellor eliminate the provisions thereof which are adverse to the rights of Joe Schonfeld in the property therein described and so modified and amended, the remainder of the decree shall stand affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.