WALTER A. SABINS and BERTHA E. SABINS, joined by her husband, WALTER A. SABINS, JAMES BALLOUGH and CATHERINE M. BALLOUGH, joined by her husband, JAMES BALLOUGH, v. CITY OF DAYTONA BEACH, a municipal corporation located in Volusia County.

177 So. 229.
Division B.
Opinion Filed November 15, 1937.

*Ray Selden,* for Appellants;
*H. E. Couchman,* for Appellee.

CHAPMAN, J.—The parties to this suit in this opinion will be referred to as plaintiff and defendants as they appeared in the lower court.

On December 27, 1934, the City of Daytona Beach, a municipal corporation, filed its bill of complaint in the Circuit Court of Volusia County against Walter A. Sabins and

Bertha E. Sabins, joined by her husband, Walter A. Sabins, James Ballough and Catherine Ballough, joined by her husband, James Ballough, Defendants. The purpose of the suit was to subject certain lands situated in the City of Daytona Beach to the payment of special improvement liens under an approved resolution, all of the work was to be done under what is commonly recognized as the two-thirds cost rule. The amount alleged to be due was approximately $1,355.44 and a lien was claimed as against the property described in the bill of complaint. It is alleged that the City of Daytona Beach had complied with each and every of the conditions, stipulations and requirements incident to and necessary to make binding the lien on the property and in the amount above named; likewise it sought attorneys' and title search fees, and the bill prays for an order subjecting the property described in the bill to the payment in the amount due for special assessment liens, and a prayer for an accounting.

The defendants to this suit, according to the record, were non-residents and service was obtained by publication, and on the return day of the subpoena in chancery or notice to appear, decrees *pro confesso* were entered against the defendants and thereafter it was an *ex parte* proceeding when it reached the final decree. The lower court on final hearing had before it considerable testimony to sustain the material allegations of the bill of complaint, and on the 19th of March, 1935, entered a final decree holding that it had jurisdiction of the parties, the subject matter of the suit, and adjudged the equities of the cause to be with the complainant and decreed a lien on the property described in the bill for principal, interest, title search and attorneys' fees in the total sum of $1,515.44, and decreed the amount due and payable, and further ordered upon default of the pay-

ment thereof that the property described in the bill of complaint be sold to satisfy the indebtedness. The final decree appointed a Special Master and the property was sold at Special Master's sale, a report thereof made to the Chancellor below under date of June 11, 1935, and subsequently confirmed by an order dated June 14, 1935. From the final decree and order of confirmation an appeal was taken and the suit brought here with several assignments of error made for the reversal thereof, but all assignment may be determined under the question: Is the final decree appealed from supported by the facts as disclosed by the record and the law applicable thereto?

It is contended that the resolution attached to the bill of complaint and identified as exhibit No. 1 was passed by the Town of Seabreeze, Florida, and the complainant has no lawful right to maintain this action under this resolution. Several citations of authorities appear to support this contention. Counsel for the City of Daytona Beach in this cause failed to file a brief and the search of the authorities to support the ruling of the Chancellor below is upon the Court. While it is difficult to determine the date of the adoption of the resolution by the Town of Seabreeze, we gather from the record that it was passed prior to the adoption of Chapter 10466, Laws of 1925, and Chapter 11461 of the Extraordinary Session of the 1925 Legislature. Section 3 thereof:

"(a) That the title, rights, ownership of property, uncollected taxes, dues, claims, judgments, decrees, choses in action held and owned by the municipality of the City of Daytona, County of Volusia, State of Florida, shall pass to and be vested in the municipal corporation hereby created and established to succeed such municipality.

"(b) That the title, rights, ownership of property, un-

collected taxes, dues, claims, judgments, decrees, choses in action held and owned by the municipality of the City of Daytona Beach, County of Volusia, State of Florida, shall pass to and be vested in the municipal corporations hereby created and established to succeed such municipality.

"(c) That the title, rights, ownership of property, uncollected taxes, dues, claims, judgments, decrees, choses in action held and owned by the municipality of the Town of Seabreeze, County of Volusia, State of Florida, shall pass and be vested in the municipal corporation hereby created and established to succeed such municipality."

Other assignments argued rest largely upon the finding of fact as made by the Chancellor below. While the evidence may be conflicting, this Court is forced to follow the findings of the court below unless shown here to be clearly erroneous. This rule is fully expressed in the suit of Farrington v. Harrison, 95 Fla. 769, 116 Sou. Rep. 497, when it was said:

"We also bear in mind the oft reiterated rule that while the findings of the chancellor on the facts where the evidence is heard by him, and the witnesses are before him, are entitled to more weight in the Appellate Court than where such findings are made in a cause where the testimony was not taken before the chancellor, yet in either case the chancellor's findings should not be disturbed by an Appellate Court unless shown to be clearly erroneous. Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 553; Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 23. On the other hand, where a decree is manifestly against the weight of the evidence or contrary to and unsupported by the legal effect of the evidence, then it becomes the duty of the Appellate Court to reverse such decree. Carr v. Leslie, 73

Fla. 233, 74 South. Rep. 207; Florida National Bank v. Sherouse, 80 Fla. 405, 86 South. Rep. 279; Gill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Lightsey v. Washington Park Properties, 112 South. Rep. 555."

The cause was not referred for the purpose of taking evidence as to the material allegations of the bill of complaint, but affidavits were used. While the lower court was satisfied that the allegations of the bill had been fully established by these different affidavits, we are not satisfied that the resolution, made a part of the bill of complaint contains a sufficient designation or description of the street to be paved by the City of Seabreeze upon the land described herein abutted. For this error the decree appealed from is reversed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—The resolution providing for the paving of certain streets, Ex. 1 to the bill, does not mention "North Beach Street, between Fairview Ave. and the North City Limits," upon which street the bill alleged this property abutted. Therefore the basis for the assessment was not laid. Furthermore, the bill alleges that the resolution was adopted by the City of Daytona Beach, whereas the Exhibit shows it was adopted by the "Town of Seabreeze."