PALM BEACH SASH AND DOOR COMPANY and EDWARD U. RODDY, SR., v. CLIFTON L. RICE and PHYLLIS M. BRADNER.

1 So. (2nd) 861

Division B

Opinion Filed April 29, 1941

Rehearing Denied May 19, 1941

*J. W. Salisbury* and *Thos. J. Ellis,* for Appellants;

*Blackwell & Donnell,* for Appellee.

CHAPMAN, J.—This appeal presents for review a final decree for specific performance entered by the Circuit Court of Palm Beach County, Florida. The record discloses that Phyllis M. Bradner, prior to November 9, 1940, was the

owner in fee simple of certain real estate situated in the Town of Palm Beach, Palm Beach County, Florida, and on said date entered into a contract to sell the same to Clifton L. Rice for the sum of $5,250.00.

The purchaser, Clifton L. Rice, paid $100.00 in cash on the signing of the agreement for a deed and agreed to pay the remaining amount on the date of closing. The seller was to deliver an abstract of title showing a good and merchantable title in the seller, and if the title was not merchantable, then the seller would have a reasonable time within which to correct the title and make it merchantable. The abstract was to be submitted by the seller to the purchaser within thirty days after November 9, 1939.

Honorable John L. Moore, an attorney of West Palm Beach, drew the contract and examined the abstract of title and concluded that a correction deed was necessary and took steps to obtain it. There is evidence in the record to support a conclusion that Phyllis M. Bradner, after the contract of sale was entered into, placed Clifton L. Rice in possession of the property. The land was a business lot situated in the Town of Palm Beach, Florida, and on it was a small house which Rice rented to a tenant shortly after November 9, 1939, and the tenant used the house for storage purposes. Some time was consumed in the examination of the abstract and obtaining a deed to correct an error in the chain of title.

The record further discloses that Edward U. Roddy, Sr., was interested in the property and in July, 1939, submitted an offer to buy the same from Phyllis M. Bradner. The defendant Roddy made offers for the property but withdrew the same, and on January 3, 1940, obtained a deed to the property, which was placed in the name of Palm Beach Sash & Door Sompany, and the consideration for said deed was $6,200.00. The deed was immediately placed

upon record and shortly thereafter Clifton L. Rice placed his agreement to purchase on record.

. On January 9, 1940, Clifton L. Rice brought suit against the Palm Beach Sash and Door Company, Edward U. Roddy, Sr., and Phyllis M. Bradner, and prayed for a decree requiring that the defendants be required to convey said land to the plaintiff, Rice. It was alleged that the defendants had knowledge of the existence of plaintiff's contract to purchase and that he was in possession of said property on January 3, 1940, when a deed was obtained.

. An answer was filed in which it was denied that the defendants had actual or constructive notice of the written agreement of sale between Clifton L. Rice and Phyllis M. Bradner.

The case was referred to an examiner, who took the testimony, reported the same to the court, and on the 4th day of October, 1940, on final hearing the lower court found the equities of the cause to be with the plaintiff below and entered a final decree of specific performance on the theory that the plaintiff below had complied with each and every the terms, conditions and provisions of the agreement to purchase dated November 9, 1939, and that Edward U. Roddy, Sr., and his corporation, Palm Beach Sash & Door Company, had actual and constructive notice of said agreement to purchase on January 3, 1940, at the time of taking deed to the land.

Counsel for appellants contend that the record presents three questions for a decision of this cause, and the same are meticulously stated, in his brief. We think the pivotal point here presented is whether or not the defendants, Palm Beach Sash and Door Company and Edward U. Roddy, Sr., had notice, actual or constructive, of the sale contract dated November 9, 1939, between Phyllis M. Bradner and Clifton L. Rice on January 3, 1940, at the time of accepting

a deed thereto. There is no controverted question as to who was the record owner of said property. The lower court was of the opinion, and so held, that Edward U. Roddy, Sr., had actual and constructive notice of the Rice-Bradner contract on the date of the acceptance of the deed thereto in the name of Palm Beach Sash & Door Company. There is much evidence in the record to support the findings of the chancellor below on this point.

The respective businesses of the parties to the suit were located on each side of the 25-foot alley involved in this litigation. It was to the business interest of each party to the suit to obtain a title to the property and naturally each wanted to obtain it at the least possible cost. On two occasions after November 9, 1939, and prior to January 3, 1940, Rice told Roddy that he held a contract to purchase said property. There is evidence to show that Mrs. Bradner told Roddy that she had entered into a contract of sale of the property with Rice. Judge John L. Moore told Roddy that he had prepared the contract of sale of said land and the same was signed in his office by Rice and Mrs. Bradner, and it is inescapable that Roddy had knowledge, both actual and constructive, of the existence of the contract to sell between Mrs. Bradner and Rice on January 3, 1940, at the time of the acceptance of the deed. The record shows that Rice went into possession of the property under the contract of purchase and rented the building located thereon to a Mr. Aiello for the sum of $25.00 per month and delivered to him the key to the house. Shortly after Mr. Roddy obtained the deed he advised Mr. Aiello to surrender the possession of said building to him and that on his failure so to do the rentals would be substantially increased.

The burden of showing error rests upon the party asserting it. See Alford v. Barnett National Bank, 137

Fla. 564, 188 So. 322; Flagler Finance Corp. v. Therrell, 118 Fla. 396, 159 So. 868. It is settled law that a decree will not be reversed on facts unless clearly erroneous. See Schonfeld v. Engler, 119 Fla. 138, 160 So. 879. The Supreme Court will not disturb a chancellor's findings on facts unless shown to be clearly erroneous, as where the decree is manifestly against the weight or legal effect of the evidence, or there is a clear lack of proof of some of the elements that are essential to support the chancellor's findings. See Stigletts v. McDonald, 135 Fla. 385, 186 So. 233. It is true that the evidence in the case at bar was taken before an examiner and reviewed by the chancellor below, and there are conflicts and disputes on some of the essential points as disclosed by the record. The conclusions of the chancellor upon the facts, although the evidence was not taken before him, will not be disturbed unless shown to be clearly erroneous. See Sabins v. City of Daytona Beach, 130 Fla. 62, 177 So. 229.

We fail to find error in the record and accordingly the decree apealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, J. J., concur.