**James Douglas BROOKINS, Petitioner-Appellant,**

v.

**STATE OF FLORIDA, Respondent-Appellee.**

No. 72-1876

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 19, 1972.

James Douglas Brookins, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Arnold R. Ginsberg, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

The § 2254 petition of James Douglas Brookins for writ of habeas corpus was denied by the District Court for failure to exhaust State remedies. We affirm.

■ Among the several contentions urged in support of his petition for ha-

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company

of New York et al., 5 Cir., 1970, 431 F. 2d 409, Part I.

beas corpus relief, the appellant alleged that he was not advised by the State trial court or his court-appointed counsel of this right to pursue a direct appeal. The record reveals, and appellant admits, that that issue has never been presented to the State appellate courts of Florida, since it was not raised in either of his two appeals from the denial of his *Motions to Vacate Sentence* filed pursuant to Rule 1.850, Fla.R.Crim.P., 33 F.S.A. Thus, his State remedies have not been exhausted. 28 U.S.C.A. § 2254, Burroughs v. Wainwright, 5 Cir., 1972, 454 F.2d 1165; Johnson v. Wainwright, 5 Cir., 1971, 453 F.2d 385; Porter v. Wainwright, 5 Cir., 1971, 439 F.2d 264.

Appellant's appropriate remedy at this point, as delineated by the Florida Supreme Court, would be to seek habeas corpus in the Florida District Court of Appeals for the district in which he was convicted. Baggett v. Wainwright, Fla.S.Ct., 1969, 229 So.2d 239; Powe v. State, Fla.S.Ct., 1968, 216 So.2d 446.

Affirmed.