### KENNEDY v. STATE.

No. 78-0049 AC.

Circuit Court, Broward County, Criminal Appeal.

September 12, 1979.

152

Alan H. Schreiber, Public Defender, and Stuart Lerner, Assistant Public Defender, Fort Lauderdale, for the appellant.

Michael J. Satz, State Attorney, and Teresa Beazley Widmer, Assistant State Attorney, Fort Lauderdale, for the appellee.

EUGENE S. GARRETT, Circuit Judge.

This is an appeal from appellant's conviction for welfare fraud adjudged to have been committed between the 17th day of May, 1976 and 1st day of September, 1976, by withholding the fact that she had received a salary from her employment with Modular Computer Systems, Inc., while receiving public assistance. The appellant alleges three points on appeal only one of which requires comment by this court (the remaining points are considered to be without merit.)

The point on appeal to which this court addresses itself is whether the trial court erred in permitting cross examination and rebuttal testimony by the state regarding the appellant's denial of having ever denied to anyone the fact that she worked at certain employment during certain times other than the times and employment set forth in the information *at bar*.

During the trial which occurred on August 10th and 11th, 1978, the appellant was asked on cross examination whether she ever worked for the 7th Avenue Grocery between June 2, 1974 and January 5, 1975, her response being "yes." However, thereafter, still on cross examination, the appellant denied that she had ever denied such employment to anyone.

The state thereafter presented a rebuttal witness (a case-worker for the Florida Health & Rehabilitative Services) who testified that on April 11, 1975, the appellant denied ever working at the 7th Avenue Grocery.

In that the crux of the case centered on whether the appellant was being truthful when testifying that she had notified a representative of the aforesaid state agency of her employment with Modu-

lar Computer Systems, Inc., such combined cross examination and rebuttal testimony, which exceeded the direct examination of the appellant, *Brown v. U.S.*, 356 U.S. 148 (1958); which was not restricted to the appellant's responses, *State v. Statewright*, 300 So.2d 674 (Fla. 1974); and which involved extrinsic evidence of prior bad acts concluded hereby to have as its sole purpose to submit to the jury the appellant's bad character and her propensity to commit the instant crime charged absent a satisfactory showing by the state that the same was admissible as relevant under *Williams v. State*, 110 So.2d 654 (Fla. 1954) cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed. 2d 86, is hereby deemed harmful error.

Reversed and remanded.