317 So.2d 141 (1975)
Charles Samuel JARRIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1579.
District Court of Appeal of Florida, Fourth District.
August 8, 1975.
Philip G. Butler, Jr., of Foley, Colton & Butler, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
After Jury trial defendant was found guilty of grand larceny. He appeals his conviction on the ground a statement made by him should have been suppressed. We agree and reverse.
After an officer had contacted defendant's wife to find out where defendant worked, he arrested defendant at his place of employment. Defendant was taken to the Sheriff's office and placed in a room for interrogation, and at no time was he booked or his location disclosed until after his statement had been given. It is undisputed that during interrogation the officer told defendant his wife would be arrested unless they could clear this thing up (by defendant's making a statement). The interrogating officer's testimony included the following:
"Q Did you talk to him and tell him that you could arrest the girls and if he would tell you about the incident you wouldn't have them arrested?
"A Based on what information I had I would have had to arrest his wife unless he could show me that she wasn't involved and that she was along because she was his wife.
"Q And did you tell him that you would only charge him with one incident if he gave you a statement?
"A I don't have that right. Probably if something of that nature was said I probably normally  normally the courts would only require a conviction of one of the charges and they normally don't try them all separately. In this case I don't recall this part of the discussion with him."
It is undisputed that during interrogation the officer told defendant his wife would be arrested unless defendant made a statement. Further, the officer did not deny that he might have told the defendant that he would only charge him with one incident *142 if the defendant would make a statement.
We find that the defendant was improperly urged by direct or implied promises to make a statement, in violation of the basic tenet of law that a confessing defendant should be entirely free from the influence of hope or fear. The resulting statement here should be suppressed on authority of Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); M.D.B. v. State, 311 So.2d 399 (4th DCAFla. 1975); State v. Chorpenning, 294 So.2d 54 (2d DCAFla. 1974); Kraft v. State, 143 So.2d 863 (2d DCAFla. 1962); and 13 Fla.Jur. Evidence § 248 (1957).
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.