356 So.2d 849 (1978)
Joseph BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-703.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 10, 1978.
Louis M. Silber of Cone, Owen, Wagner, Nugent, Johnson, & McKeown, P.A., West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Richard P. Zaretsky, and Glenn H. Mitchell, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Judge.
Appellant pled nolo contendere to a robbery charge reserving his right to appeal the denial of his (1) motion to suppress the evidence seized, (2) motion to suppress the out of, and in, court identifications and (3) *850 his motion to suppress his confession. We find no merit on appeal concerning the trial judge's ruling on the first and second motions, but believe the third should have been granted. We reverse.
Without lengthy discourse, we would reiterate our holding in Jarriel v. State, 317 So.2d 141 (Fla. 4th DCA 1975) to the effect that an accused may not be improperly urged by direct or implied promises to make a statement, in violation of the basic tenet of law that a confessing defendant should be entirely free from the influence of hope or fear. Jarriel, supra, at 142. In so restating, we do not attempt to depart in any way from the holding in Paramore v. State, 229 So.2d 855 (Fla. 1969) wherein our Supreme Court held, inter alia, that a confession is not rendered inadmissible merely because it is induced by deception or because the accused is told it will be easier on him if he tells the truth.
In the case at bar, we perceive more than a suggestion that it would, or might, go easier or better for the accused if he confessed. Here the accused testified, in essence, that his interrogator stated that he could get him a "deal" which would result in a lighter sentence from the judge. This is more than a commitment from the police to do whatever they can to make it easier for the accused; this is, at the very least, a promise to deliver some form of relief in return for the confession.
We have been asked to review such obviously self serving testimony before and have often left such to be resolved by the trier of the fact where police witnesses have taken the stand and denied the making of any promise to deliver a "deal" as an accomplishable certainty. However, no such rebuttal was offered here. On the contrary, the assistant state attorney conceded that the officer may have "promised [the accused] things" and that he (the assistant state's attorney) was "not so sure that is not true, knowing [the] detective . . as I do and it's a distress to me that I have to make that statement in open court."
Such candor is refreshing and commendable, because all attorneys are, first and foremost, officers of the court. By contrast, the detective about whom the remarks were made, should be ashamed to be thus spoken of by a police prosecutor.
WE REVERSE AND REMAND FOR A NEW TRIAL.
ALDERMAN, C.J., and MOORE, J., concur.