399 So.2d 449 (1981)
Norris Bernard HAWKINS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.
No. 79-114.
District Court of Appeal of Florida, Fourth District.
June 3, 1981.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for respondent.
GLICKSTEIN, Judge.
This is a belated appeal from a conviction of trespass and murder in the second degree. The only point which merits discussion is whether the trial court erred in finding appellant's confession to have been voluntarily given. We determine the confession was voluntary and affirm.
On April 15, 1977, Jean Scoville, a seventy year old woman, was found dead in her Palm Beach apartment. She had multiple stab wounds and there was evidence of a struggle. In addition to two witnesses, one who identified appellant's name as that of an individual who had knocked on her neighboring door, and the other who observed a subject fitting appellant's description, a latent fingerprint of appellant was found in the victim's apartment.
Appellant was arrested in Emporia, Virginia, some days later; and on April 29, 1977, Sergeant Brian Roche of the Palm Beach Police Department went to Emporia. The sergeant testified that when he first saw appellant in a jail cell in Emporia, he read appellant his Miranda rights.
The same day, Sergeant Roche, and others, transported appellant to the Henrico County Jail in Richmond about an hour from Emporia. Enroute there was no discussion of the case. On arrival in Richmond, appellant was fed at about 4:00 P.M. then brought to the second floor hallway where Sergeant Roche intended to interrogate him. A Miranda card was read to appellant who signed it. Roche then informed appellant of the serious nature of the charges and asked if appellant would give a statement on tape. Appellant said that he understood his Miranda rights. The taping began at 4:35 P.M. and continued until 6:50 P.M. Roche described appellant as "just sad and kind of broke up" but normal. The tape reflects no threats or *450 promises made by Roche to appellant nor any evidence of coercion. When appellant would ask if the tape had to be played, Roche answered that he had to play it or that he would rather play it. However, the few times appellant asked Roche to turn the tape off Roche complied.
Appellant contends that what occurred immediately prior to the taping, coupled with what occurred while the tape was off, compels a finding of involuntariness. Before the tape was initially turned on Roche told appellant:
[T]hat it was a serious crime and that the people in the community were enraged over the crime and they were of the opinion that he had committed a sexual assault in the apartment because the woman was found with practically no clothing at all on and that I didn't believe that it happened that way, and that if he told me the truth, you know, I would see to it that the truth got out.
On cross-examination at the motion to suppress, Roche testified:
I do recall saying something to the effect that it was not my opinion he went in there to assault her, and that if I was going to be able to help him convince the community that that was not his intention, that he would have to be truthful with me.
He further testified that he basically told appellant that he would help him convince others that appellant did not enter the victim's apartment with the intent of murdering or sexually assaulting anyone, that while the tape was off sometimes appellant "broke down and cried a little bit" and that toward the end of the recorded statement appellant said "They're going to kill me; they're going to kill me."
In determining whether appellant's confession was voluntary, we must look to the totality of the circumstances. Frazier v. Cupp, 394 U.S. 731, 739, 89 S.Ct. 1420, 1424, 22 L.Ed.2d 684 (1969); Bova v. State, 392 So.2d 950 (Fla. 4th DCA 1980). The United States Supreme Court held in Culombe v. Connecticut, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961), that the following determines the voluntariness of a confession:
Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.
Recently, the Florida Supreme Court reiterated in Brewer v. State, 386 So.2d 232, 235 (Fla. 1980) that:
In a state prosecution, the standard by which the voluntariness of a confession is to be determined is the same as that which applies to federal prosecutions under the fifth amendment privilege against self-incrimination. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).
In the present case, although we acknowledge the issue to be close, we simply are not convinced by the totality of the circumstances that the foregoing evidence rendered appellant's confession to be involuntary. After reviewing the record we do not have the impression of an individual terrorized by fear of the community and assuaged in that fear by the assurance of Sergeant Roche into giving a fifty-two page statement. Instead, we view it, in the words of Justice Frankfurter, as a "will to confess."
We are not insensitive to the picture appellant seeks to describe but are also mindful of the following language in Ebert v. State, 140 So.2d 63, 65 (Fla. 2d DCA 1962):
Both the deputy and the minister stated that the accused was crying and disturbed because of his predicament. A confession or admission may not, however, be excluded merely because it was made under excitement or mental disturbance not induced by extraneous pressure but which arose from apprehension due to the situation in which the accused found himself.
Further, if it can be said that Sergeant Roche's pre-tape comments were designed *451 to lead appellant into the belief that it would be easier for him if he told the truth, both the supreme court in Paramore v. State, 229 So.2d 855, 858 (Fla. 1969) and this court in Bradley v. State, 356 So.2d 849, 850 (Fla. 4th DCA), cert. denied, 360 So.2d 1247 (Fla. 1978), have recognized that this does not render a confession inadmissible.
AFFIRMED.
MOORE and BERANEK, JJ., concur.