ANSTEAD, Judge,
specially concurring:
Although I concur in the majority’s holding that the appellant’s multiple convictions and sentences for manslaughter should be affirmed, I write separately only to comment on one aspect of appellant’s claim that the trial court erred in determining that appellant’s statement to the police was given voluntarily. Since there was conflicting evidence presented on the issue and the trial court evaluated such evidence firsthand, I do not believe error has been demonstrated. However, it is undisputed, and, indeed, recorded on tape, that the police officer who secured appellant’s statement first informed appellant:
“. .. that this statement is taken primarily in order to refresh your memory at the time you may be called upon to testify, when this matter goes to Court.”
In my view this representation by the police officer was completely improper and only served to increase the burden of the state to prove that appellant’s statement was indeed given voluntarily. Here the state was able to meet that burden to the satisfaction of the trial court despite the interrogating officer’s obvious misrepresentation as to the primary purpose of interrogating the appellant. See, generally, Hawkins v. Wainwright, 399 So.2d 449 (Fla. 4th DCA 1981). However, in other instances such conduct on the part of the police may well be the factor that tips the scales against a finding of voluntariness.