413 So.2d 414 (1982)
Leo Jerome BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-754.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
Rehearing Denied May 5, 1982.
James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Leonard R. Ross, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Brown argues, on appeal, that his conviction of burglary should be reversed because it was based solely on his taped confession, which should have been suppressed, and out-of-court identifications of him as a perpetrator of the crime by witnesses who testified at trial that he did not commit the crime. We reverse the conviction because the record shows Brown's confession was induced by promises of leniency, but we remand this cause for a new trial because we find there was other substantial evidence (admittedly not overwhelming) to sustain the jury's guilty verdict.
The record shows the officer who arrested Brown testified:
I told him (Brown) I was going to place him under arrest for burglary and also for false imprisonment and for grand theft. But I told him I would like to have a statement pertaining to what I *415 was going to ask him about and that I would only charge him with burglary if he would tell me the truth.
Brown testified he confessed only because the police officer promised to drop the other two charges, and because he was also promised five years probation. The State denied any promises concerning probation were made, but it conceded the offer to drop charges was made to induce Brown's statement. The State seeks to justify this by analogizing it to a request to an accused to tell the truth, which is not deemed to invalidate a confession. See United States v. Ballard, 586 F.2d 1060 (5th Cir.1978); Frazier v. State, 107 So.2d 16 (Fla. 1958). We cannot draw such a fine distinction. It appears Brown was made an offer he could not refuse: talk and we'll drop two felony charges. Controlling authorities hold confessions made under these circumstances are not voluntary, and they are therefore inadmissible.[1]
Excluding Brown's confession, there is no evidence identifying him as one of the perpetrators of the burglary, except out-of-court statements made by the victims of the crime, Mr. and Mrs. Boatman. Mr. Boatman denied Brown committed the burglary, but he admitted he had identified Brown from a group of photographs for police officers; but when told by Brown's relatives that Brown was in jail when the crime was committed, he signed an affidavit in the prosecutor's office recanting his prior identification. Mrs. Boatman also identified Brown as one of three or four involved in the crime shortly after it was committed; but on the stand, she denied making the prior identification.
Under the rule stated in State v. Freber, 366 So.2d 426 (Fla. 1978), Mr. Boatman's prior identification of Brown would be admissible as substantive evidence, although Mrs. Boatman's might not have been because she denied in court ever making the prior identification.
However, under the new "Evidence Code" it apparently makes no difference whether the witness admits or denies or fails to recall making the prior identification. Section 90.801(2), Florida Statutes (1981) states that the following kinds of out-of-court statements are not hearsay if the declarant testifies at the trial and is subject to cross-examination concerning the statement, and the statement is: "(c) one of identification of a person made after perceiving him." Under a similar provision in the Federal Rules of Evidence, such statements have been admitted as substantive evidence even though the declarant denies at trial ever making this identification[2] and even though the identification was made from a photopack and not "real-life."[3]
In this case, there were circumstances the jury could have relied upon in choosing to believe the Boatmans' earlier identifications of Brown as one of their assailants, rather than their in-court denials. Brown and the Boatmans were long-time residents of the black community in Mims, Florida, a small rural town. Mrs. Boatman denied ever seeing Brown before, but she later admitted seeing him at "the Big House," the nearby neighborhood bar. Mr. Boatman testified he knew Brown and his brothers since they were young kids, growing up in Mims. He originally gave the police Brown's name as a possible suspect when reporting the crime. Neither of the Boatmans had any hesitancy or doubt in selecting Brown as one of their assailants, shortly after the crime was committed.
The Boatmans' identifications changed after a number of Brown's relatives took *416 Mr. Boatman for a ride in their car, which culminated in his affidavit retracting his identification. At trial Mr. Boatman denied being intimidated by Brown's brother and other relatives who attended the trial, and apparently had words with the Boatmans prior to their testimony, contrary to the judge's instructions. Mr. Boatman contradicted himself in his testimony, at times saying he changed his identification of Brown because he was in jail when the crime was committed, and when confronted with the fact Brown was not in jail at the time of the burglary, Boatman claimed he was mistaken.
Under these circumstances, it appears the jury could have believed the prior identifications, despite the in-court doubts and denials. As Judge Friendly said in United States v. DeSisto, 329 F.2d 929, 933 (2d Cir.), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964), quoting McCormick, Evidence 75-76 (1954):
Manifestly, this is not to say that when a witness changes his story, the first version is invariably true and the later is the product of distorted memory, corruption, false suggestion, intimidation or appeal to sympathy ... [but] the greater the lapse of time between the event and the trial, the greater the chance of exposure of the witness to each of these influences ...
We hold that it was error to admit Brown's confession and we reverse his conviction. Because there was other sufficient evidence to sustain Brown's conviction, we remand for a new trial.
REVERSED AND REMANDED.
DAUKSCH, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
A promise of leniency if an accused admits guilt, or a threat of harm if he does not, invalidates a resulting admission or confession because of the possibility that the accused may have not told the truth and may have admitted or confessed, not because it was true, but because of the inducement or threat. This reasoning does not apply where the only prerequisite for benefit is that the accused tell the truth. A suggestion of a benefit if the accused tells the truth should not of itself render any resulting statement inadmissible, since the worst that the promise of benefit can invoke is the truth, which does not create a risk of causing a false statement. A rule should not be applied when the reason for the rule does not exist.
The trial judge did not find and I would not infer that the police officer's words had some sinister, hidden reverse meaning that the accused was being asked (and induced) to admit guilt, even if it meant not telling the truth. To the contrary, the trial judge found that the defendant's statement was freely and voluntarily made. While the cases cited in the majority opinion are consistent with the majority holding, they do not direct it. Other cases would just as well support a contrary holding. See Williams v. State, 69 So.2d 766 (Fla. 1953) ("It'll make it easier, if you tell me the truth."), Frazier v. State, 107 So.2d 16 (Fla. 1958) ("get right and tell us what you know about this case"), and Paramore v. State, 229 So.2d 855, 858 (Fla. 1969), citing Ebert v. State, 140 So.2d 63 (Fla. 2d DCA 1962), for the proposition that a confession of guilt freely and voluntarily made is not rendered inadmissible by the accused being told it would be easier on him if he told the truth.
NOTES
[1] Frazier v. State, 107 So.2d 16 (Fla. 1958); Bradley v. State, 356 So.2d 849 (Fla. 4th DCA 1978); Jarriel v. State, 317 So.2d 141 (Fla. 4th DCA 1975); M.D.B. v. State, 311 So.2d 399 (Fla. 4th DCA 1975).
[2] U.S. v. Marchand, 564 F.2d 983 (2d Cir.1977), cert. denied, 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 760 (1978).
[3] U.S. v. Cueto, 611 F.2d 1056 (5th Cir.1980); U.S. v. Sisto, 329 F.2d 929 (2d Cir.), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964).