HENDRY, Judge.
The defendant was charged with second degree murder. After denial of his motion to suppress oral statements and motion to dismiss, the latter predicated on the state’s loss of certain evidence, the defendant pled nolo contendere to manslaughter, reserving his right to appeal the denial of those orders. He was then sentenced to five years imprisonment. We affirm.
First, we find sufficient evidence in the record before us from which the trial court could have concluded, as it did, that the defendant’s statements were freely and voluntarily given following complete Miranda warnings. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Burch v. State, 343 So.2d 831 (Fla.1977); Paramore v. State, 229 So.2d 855 (Fla.1969), modified on other grounds, 408 U.S. 935, 92 S.Ct. 2857, 33 L.Ed.2d 751 (1972); Hawkins v. Wainwright, 399 So.2d 449 (Fla. 4th DCA 1981).
*59 The defendant’s second contention, that the trial court erred in denying his motion to dismiss based on the state’s failure to preserve certain physical evidence of the crime, is also without merit. On balance, we find that the prejudice to the defendant in this case from loss of the evidence was slight where photographs of the electrical cord were available, the state stipulated to the number and type of knots, and the medical examiner testified that even the presence of high levels of cocaine in the victim’s blood would not lead him to reach a different conclusion about the cause of death; whereas, the evidence of guilt, including the defendant’s own inculpatory statements (which we have determined were voluntarily given), was strong, leading us to conclude that dismissal was not mandated. State v. Sobel, 363 So.2d 324 (Fla. 1978); Harrison v. State, 403 So.2d 565 (Fla. 3d DCA 1981); State v. Cooper, 391 So.2d 332 (Fla. 3d DCA 1980); Budman v. State, 362 So.2d 1022 (Fla. 3d DCA 1978); Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978). The judgment and sentence are therefore affirmed.
Affirmed.