818 So.2d 534 (2002)
A.E.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4611.
District Court of Appeal of Florida, Second District.
January 16, 2002.
*535 James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
A.E.B. challenges a delinquency adjudication for trespass and resisting an officer without violence. Because the trial court erred by admitting hearsay testimony at trial, we reverse as to the trespass adjudication.
At trial, the victim of the trespass, Cynthia Singleton, testified that she returned home on May 22 to find her house ransacked. Mrs. Singleton reported the incident to Hillsborough County Sheriff Deputy Steven McDermott. When he arrived at the scene, Deputy McDermott interviewed Mrs. Singleton and a neighbor, Mrs. LaFleur. Mrs. LaFleur told Deputy McDermott that a group of boys on bikes came to her door and asked if they could mow her lawn. Mrs. LaFleur declined the offer and watched the boys go next door to Mrs. Singleton's house and ring the doorbell. Mrs. LaFleur told Deputy McDermott that when no one answered the doorbell, the boys walked around the side of the Singleton home and into the backyard. The boys were still in the vicinity when Deputy McDermott arrived on the scene, and Mrs. LaFleur identified A.E.B. as one of the boys whom she had seen earlier. However, Mrs. LaFleur suffers from memory loss as a result of a stroke and at trial could not remember talking to Deputy McDermott at all. She was also unable to identify A.E.B. as one of the boys who had gone into Mrs. Singleton's yard.
A.E.B. contends the trial court erred in admitting Deputy McDermott's testimony concerning Mrs. LaFleur's out-of-court identification because she was essentially unavailable for cross-examination at trial due to her failing memory. There was no error in admitting the prior identification. Mrs. LaFleur's out-of-court identification was admissible as a statement of identification pursuant to section 90.801(2)(c), Florida Statutes (2000). Section 90.801(2)(c) provides that an out-of-court statement of identification made after the declarant perceives the individual is not hearsay. See also State v. Freber, 366 So.2d 426, 428 (Fla.1978) (holding that evidence of an out-of-court identification is admissible even when the identifying witness cannot make an in-court identification). A.E.B. argues that Mrs. LaFleur's identification was inadmissible because she was essentially unavailable for cross-examination due to her memory loss. We disagree. In applying section 90.801(2)(c), Florida courts have held that the declarant need not make an in-court identification of the defendant, nor even confirm that the prior identification was made. See, e.g., Brown v. State, 413 So.2d 414, 415 (Fla. 5th DCA 1982) (holding that prior identification is not hearsay when the declarant is *536 available at trial for cross-examination and that it "makes no difference whether the witness admits or denies or fails to recall making the prior identification"); A.T. v. State, 448 So.2d 613, 614 (Fla. 3d DCA 1984) (finding prior identification admissible even though declarant testified at trial that he possessed neither past nor present ability to identify defendant). Therefore, in order to admit prior identification testimony under section 90.801(2)(c), it is only necessary that the declarant testify at trial and be subject to cross-examination. The United States Supreme Court reached the same conclusion in its analysis of this issue in United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).
With regard to a defendant's right to confront an identification witness, the Owens court concluded that the Constitution only guarantees "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Id. at 559, 108 S.Ct. 838 (citing Kentucky v. Stincer, 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987)). In interpreting Federal Rule of Evidence 801(d)(1)(C), after which section 90.801 is patterned, the Owens court held that the declarant must merely be available for cross-examination concerning the statement and need not give consistent testimony at trial. 484 U.S. at 562, 108 S.Ct. 838. The Owens court noted that the declarant's inability to identify the defendant at trial or to remember the prior identification is fodder for impeachment on cross-examination but does not destroy the reliability of the prior identification. Id. at 559-60, 108 S.Ct. 838. Therefore, contrary to A.E.B.'s contention, in the present case, it was not necessary for Mrs. LaFleur to confirm the prior identification. A.E.B.'s constitutional right of confrontation was not implicated in this case because Mrs. LaFleur was present at trial and subject to cross-examination. Indeed, the record reflects that she was gently but effectively cross-examined by defense counsel concerning her inability to recall the details of her conversation with Deputy McDermott.
Although the prior identification was properly admitted, we reverse on other grounds. Deputy McDermott was permitted to testify, at length, concerning what Mrs. LaFleur told him that she had seen. In Caruso v. State, 645 So.2d 389, 394 (Fla.1994), the supreme court held that a police officer's testimony concerning accusatory statements made by a witness during the officer's investigation is inadmissible hearsay. The investigating officers in Caruso were permitted to testify that the victims' neighbor reported having seen someone who fit the defendant's description at midnight on the night of the murders. Id. at 395. Citing its decision in Conley v. State, 620 So.2d 180 (Fla.1993), the court confirmed that out-of-court statements which relate accusatory information are inherently prejudicial and inadmissable hearsay. The prosecutor in Caruso sought to admit the neighbor's statements to establish the sequence of the police investigation and argued the statements were not hearsay because they were offered for that purpose, rather than for their truth. Caruso, 645 So.2d at 394. The court rejected this argument, finding that the danger of prejudice outweighed the probative value of establishing the sequence of the police investigation. Id. However, the Caruso court found the error in admitting the statements harmless because the witness's testimony at trial was consistent with her report to investigating officers. Id.
In the present case, Deputy McDermott was permitted to repeat Mrs. LaFleur's accusations at trial. Mrs. La-Fleur's statements, admitted through Deputy McDermott, were offered solely for *537 their truth and were the only evidence of A.E.B.'s guilt as to the trespass charge. Because Mrs. LaFleur did not testify consistently with her prior report to investigating officers and because the State produced no other evidence of the trespass, Deputy McDermott's testimony was not harmless. We therefore reverse the trespass adjudication. A.E.B.'s adjudication on the remaining charge is affirmed.
Reversed in part and affirmed in part.
FULMER and WHATLEY JJ., Concur.