RYDER, Judge.
Larry Edward Brockelbank appeals his conviction and sentences for ten counts of burglary and grand theft, alleging the trial court erred in denying his motion to suppress his confessions as involuntary. We *369 hold that the confessions were obtained in exchange for promises, and we reverse.
The testimony at the suppression hearing below indicated that police officers arrested appellant for a residential burglary. He was transported to a police station whereupon appellant requested treatment for heroin withdrawal and expressed a desire to get out of jail. He was transferred to a hospital for treatment of heroin withdrawal. After meeting with his probation officer (from a prior offense) and police officers in the hospital, appellant agreed to assist the officers and effect the return of various items stolen during other crimes in return for a promise of an immediate release from jail on the charge filed. The release was for the purpose of returning the property and to permit appellant to get his personal affairs in order.
The police officers also promised that no other charges would be filed against appellant immediately, and told appellant that his release was arranged. Appellant then confessed to the charges on appeal. The authorities explained the agreement to a judge who released appellant on a $1,000.00 bond. Two weeks later, he was rearrested on all charges and after the motion to suppress was denied, he entered a plea of nolo contendere to the cases on appeal, reserving the right to appeal the ruling denying suppression. Both parties stipulated that the denial of the motion to suppress was dispos-itive as to the charges on appeal.
A confession cannot be obtained by any direct or implied promise, however slight, if it is to be admissible. Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977), cert. denied, 374 So.2d 101 (Fla.1979). Below, the confessions were obtained in return for the promise, later carried out, to release appellant from custody so that he could put his personal affairs in order. Since this uncontradicted testimony indicates the confessions below were induced by promise of benefit, the state failed to carry its burden of proving at the suppression hearing that the confessions were freely and voluntarily made.
REVERSED and REMANDED with instructions to set aside only the conviction and sentences imposed in the cases of this appeal.
HOBSON, A. C. J., and GRIMES, J., concur.