# STATE OF FLORIDA v BOYTON

## Case No. 91-3AC (Lower Court Case No. 90-13332MM10)

Seventeenth Judicial Circuit, Broward County

September 12, 1991

### APPEARANCES OF COUNSEL

**Lewis Michael,** Assistant State Attorney, for appellant.

**Dennis Cary, Esquire,** for appellee.

Before WILLIAM P. DIMITROULEAS, Circuit Judge.

### OPINION OF THE COURT

The State of Florida timely appeals the granting of Defendant's Motion to Suppress all evidence of field sobriety tests conducted at the scene of a traffic stop. This Court has jurisdiction, Florida Rules of Appellate Procedure, Rule 9.140(c)(1)(B) and *State v Hancock,* No. 91-1740 — So.2d — (Fla. 4th DCA August 21, 1991) [16 FLW D2201].

At the hearing on the motion to suppress, Appellee's counsel represented that he believed that the stipulated facts of the motion were that the arresting officer told Appellee that unless he did the field-sobriety tests, that his driver's license would be suspended for twelve (12) months. The state did not dispute the stipulated facts; however, the state argued that the Appellee's performance on the field-sobriety tests was not testimonial and should not be suppressed. When Appellee's counsel offered to call the Appellee as a witness to testify about his impressions, the Court, in effect, accepted the proffer, and the State did not object to that procedure. After his very abbreviated hearing, the lower court granted the motion to suppress the road-side tests. In doing so, the lower court also expressed concerns about a due process violation. The state has not preserved any objection to the procedures utilized at this hearing. The order suppressing evidence is affirmed.

Field sobriety tests are not testimonial in nature nor are they a communication that is protected by the constitution. *See, State v Edwards,* 463 So.2d 551 (Fla. 5th DCA 1985) and *Macias v State,* 515 So.2d 206 (Fla. 1987). However, they are observations that become evidence, and, like evidence, they should be suppressible, if illegally obtained.

A trial court's determination of whether Appellee's consent was voluntarily given because it was based upon misinformation provided by the arresting officer, if supported in the record, will not be disturbed on appeal. *See, State v Burnett,* 536 So.2d 375 (Fla. 2d DCA 1988).

In a search and seizure consent situation, evidence was suppressed after a police officer threatened an arrest for loitering unless consent to search was given. *See, Rivera v State,* 492 So.2d 477 (Fla. 4th DCA 1986).

Furthermore, a confession obtained by threats or promises is inadmissible. *See, In Re K.H.* 418 So.2d 1080 (Fla. 4th DCA 1982). When a Defendant was told to talk and charges will be dropped, the resulting confession was ruled to be inadmissible. *See, Brown v State,* 413 So.2d 414 (Fla. 5th DCA 1982). When he was told to talk and that he would be released from jail, the confession was held to be involuntary. *See, Brockelbank v State,* 407 So.2d 368 (Fla. 2d DCA 1981). Here, the Defendant was incorrectly told that he had to do the road-side tests, or he would lose his driver's license. Such a misstatement of the importance of his decision to do or not to do road-side tests can be distinguished from a misstatement by police officers of factual evidence existing against a Defendant that results in the Defendant's confessing. *See, State v Manning,* 506 So.2d 1094 (Fla. 3d DCA 1987). Here, it

can not be said that the lower court abused its discretion by determining that, but for, the officer's misstatement of the law, road-side tests would never have been given by the Defendant. Furthermore, the Court did not abuse its discretion by finding a due process violation. *See, State v Cayward,* 552 So.2d 971 (Fla. 2d DCA 1989). The order suppressing road-side tests is Affirmed.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 12th day of September, 1991.