PER CURIAM.
Devalon Duperier appeals from the trial court’s denial of his motion brought pursuant to Florida Rule of Criminal Procedure 3.850. He alleges ineffectiveness of trial counsel in his handling of appellant’s motion to suppress cocaine discovered upon a stop of appellant’s rental car. We affirm.
It is well settled that to prevail upon a motion alleging ineffective assistance of trial counsel, the moving party must meet a two-prong test: first, that counsel’s performance was below the norm of professionally accepted standards, and secondly, that such lack of effectiveness would have changed the outcome of the case. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While appellant has probably satisfied the first prong of Strickland, we hold that counsel’s failure to preserve the issue for direct appellate review by failing to object at the time the cocaine was offered into evidence does not warrant granting relief, as this failure would not have changed the outcome of the case. The trial court properly denied the motion to suppress, and even had counsel preserved the issue by making a contemporaneous objection, the trial court would properly have overruled the objection and we would have affirmed on direct review. See Florida v. Jimeno, — U.S. -, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Dilyerd, 467 So.2d 301 (Fla.1985); State v. Sears, 493 So.2d 99 (Fla. 4th DCA 1986).
AFFIRMED.
LETTS, WARNER and POLEN, JJ., concur.