WARNER, Judge.
The appellant filed an appeal from the denial of his motion for posteonviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court ruled on the motion without an evidentiary hearing. We have reviewed the motion and order, together with its attachments and have concluded that the points raised either (1) are procedurally barred, (2) are directly refuted by the attachments to the order, or (3) as to the ineffectiveness of counsel claim, do not show that the result would have been different if the course that is now urged by the defendant had been followed at trial. Duperier v. State, 590 So.2d 511 (Fla. 4th DCA 1991).
We would have already disposed of this case as an affirmance but for the fact that appellant has recently filed a brief, even though one is not necessary. Our review of the appeal is governed by Florida Rule of Appellate Procedure 9.140(g). The rule requires the court to review the motion and arguments made therein together with the order of denial and the attachments thereto. “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App.P. 9.140(g). No briefs are required, and the method of review is the same as we use in reviewing writs. That is, if our review shows a preliminary basis for reversing the trial court’s order, we order a response by the state. Otherwise, neither the appellant nor the state are required to file briefs.
We explain our process because we have noted of late many pro se appellants filing briefs on orders denying postconviction relief without a hearing. These are not only not necessary, they may in fact slow the process of our review. Generally, the briefs are not considered, because either the arguments were made in the postconviction relief motion, or they improperly raise additional issues not contained in the postconviction relief motion. It is improper to raise for the first time on appeal matters which should have been raised to the trial court.
When we find that the record does not support the order denying the conviction, we order a response from the state, and we also allow the appellant to reply. Therefore, we do permit briefing on appeal from the appellant when our record review of the proceedings indicates that the case may not be summarily affirmed.
A full review having been conducted of the motion and order with attachments, we affirm the trial court’s order.
DELL and PARIENTE, JJ., concur.