810 So.2d 1095 (2002)
Henry PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1129.
District Court of Appeal of Florida, Fifth District.
March 22, 2002.
*1096 Michael H. Lambert, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Peterson appeals from his judgment and sentence after a jury convicted him of capital sexual battery. He raises three grounds, which we find have no merit in this case, and a fourth that was not timely *1097 and must be dealt with in a post-judgment proceeding. Accordingly, we affirm.
First, Peterson argues that the trial judge should have granted his motion to suppress his confession, which was admitted in evidence at the trial. At best, he established that he is functionally illiterate, is of low normal intelligence, and that he was poorly equipped to defend himself in the battle of wits in which he and the police officer interviewing him engaged when he made his confession. But that is not enough to support suppression of his confession on the grounds it was involuntary or coerced. The interview lasted only twenty-five minutes, there was no show of force, Peterson willingly agreed to talk, he was read his Miranda rights as well as the waiver which he signed, and the atmosphere during the interview was in no way intimidating. See Sliney v. State, 699 So.2d 662 (Fla.1997), cert. denied, 522 U.S. 1129, 118 S.Ct. 1079, 140 L.Ed.2d 137 (1998); Johnson v. State, 696 So.2d 326 (Fla.1997), cert. denied, 522 U.S. 1095, 118 S.Ct. 892, 139 L.Ed.2d 878 (1998).
Second, Peterson urges that his confession was not admissible under section 92.565, a relatively new statute effective June 5, 2000, which modifies the "corpus delicti" rule,[1] regarding the admission of confessions in sexual abuse cases where the state has not presented independent evidence for all of the elements of the crime. At the time this crime was perpetrated on February 9, 2000, the victim was eleven years old. The statute provides:
(1) As used in this section, the term "sexual abuse" means an act of a sexual nature or sexual act that may be prosecuted under any law of this state, including those offenses specifically designated in subsection (2).
(2) In any criminal action in which the defendant is charged with a crime against a victim under s. 794.011; s. 794.05; s. 800.04; s. 826.04; s. 827.03, involving sexual abuse; s. 827.04, involving sexual abuse; or s. 827.071, or any other crime involving sexual abuse of another, or with any attempt, solicitation, or conspiracy to commit any of these crimes, the defendant's memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant's confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
(3) Before the court admits the defendant's confession or admission, the state must prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant. Hearsay evidence is admissible during the presentation of evidence at the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant's statements.

*1098 (4) The court shall make specific findings of fact, on the record, for the basis of its ruling.
Peterson argues that the state failed to establish by a preponderance of the evidence that there was sufficient corroborating evidence which tended to establish the trustworthiness of the defendant's admission or confession. We agree with the trial judge in this case that there was sufficient corroborating evidence. Peterson's confession was remarkably consistent with the victim's allegations and statements to her mother and the Child Protection Team which she made very shortly after the alleged crime took place, and the results of her physical examination were consistent with her allegations of sexual contact.
On appeal, Peterson also argues that this statute should not be retroactively applied to this case since it came into effect after the crime took place. However, we do not reach that issue because it was not raised at the trial. See Mobley v. State, 447 So.2d 328 (Fla. 2d DCA 1984); Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983).
Third, Peterson claims it was error to allow the introduction of the victim's tape-recorded interview with the Child Protection Team, since the victim was present in the court room at the trial. Section 90.803(23), Florida Statutes, allows use of such hearsay statements in child sexual abuse cases under limited circumstances. It provides:
The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(23) Hearsay exception; statement of child victim.
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
* * *
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
In this case, the victim's statements were not admitted under the statutory provision that the child's participation in *1099 the trial or proceeding would result in a "substantial likelihood of severe emotional or mental harm ..." because the trial judge made no such finding. However, the statute also states the hearsay statements may be admissible if the child is "unavailable as a witness." And, this permits reference to section 90.804. State v. Townsend, 635 So.2d 949 (Fla.1994).
Section 90.804(1) allows admission of hearsay if the declarant is "unavailable" due to specified reasons, two of which are that the witness:
(b) Persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so;
(c) Has suffered a lack of memory of the subject matter of his or her statement so as to destroy the declarant's effectiveness as a witness during the trial.
In this case the child victim, twelve years old at the time of trial, appeared in the courtroom. She began weeping, but answered general questions put to her by the prosecutor and testified Peterson came into her room and did something to her. After that she continued to cry and refused to answer more questions about the sexual acts involved in the case. She said the prosecutor, or someone, had told her she would not have to answer any questions in court about the alleged crimes. The jury was excused.
The prosecutor, defense counsel and the judge attempted to reassure the victim and encouraged her to testify, but she refused. The judge asked: "Do you feel like you can tell them (the jury) or not?" The witness shook her head. The prosecutor and defense attorney agreed she had refused to testify at her deposition, despite a court order to obtain her appearance. She would only cry. The judge asked the attorneys for suggestions: "If you think there is a way that I can get the testimony out of her, short of taking a club to her, I'm happy to do it." No one had any ideas.
It became obvious to the judge that nothing could be done to get the witness to testify in court. The judge told the witness how important it was for the jury to know what really happened and for everyone's sake she should tell the jury what happened that night. But the witness continued to cry and shake her head indicating that she could not testify, and indicated in response to the judge's questions, that there was nothing the judge could do that would draw it out of her. The judge made an express finding that she refused to testify or that she had no memory of the events and thus was "unavailable."
Peterson argues this was insufficient because the judge had not ordered the victim to testify, as set forth in the statute.[2] However, it appears to us that under these circumstances (a weeping child on the stand) that a court order would have served no purpose. See Stano v. State, 473 So.2d 1282 (Fla.1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986). Further, the judge's prior efforts and urging of the child to testify while she was on the witness stand was sufficient to satisfy the statute.
Finally, Peterson raises an issue regarding his request for a new trial. Patterson was found guilty on August 18, 2000. On October 4, 2000, he moved for a new trial based on newly discovered evidence that the victim had recanted. In *1100 support of his motion, Peterson attached a letter identified as having been written by the victim, and given to her guardian ad litem. It states:
My stepdad did not do that to me. I was going to tell you in court, but I was scared. I'm so sorry.
Both the state and the defense agreed at oral argument that this issue was raised too late.[3] Accordingly, the trial court lacked jurisdiction to deal with it. See, e.g., State v. Bodden, 756 So.2d 1111 (Fla. 3d DCA 2000). Our affirmance of this case is without prejudice to allow Peterson to raise the recantation issue in a post-conviction proceeding.
AFFIRMED.
PALMER, J., and PERRY, JR., B., Associate Judge, concur.
NOTES
[1] See McArthur v. State, 793 So.2d 1190 (Fla. 5th DCA 2001); Baker v. State, 760 So.2d 1085 (Fla. 5th DCA 2000).
[2] (1) Definition of unavailability."Unavailability as a witness" means that the declarant:

* * *
(b) Persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so
. . .
§ 90.804(1)(b), Fla. Stat.
[3] See Fla. R.Crim. P. 3.590(a) (a motion for new trial may be made within 10 days after rendition of the verdict).