SHARP, W., J.,
concurring specially.
I agree the order granting Harrington’s motion for judgment of acquittal should be reversed and the trial court directed to reinstate the jury verdict finding him guilty of attempted lewd or lascivious battery. However, I disagree that our reversal should be solely based on Harrington’s failure to timely object to the admission of his confession to the police officers.[1]
In my opinion, there was sufficient evidence (corpus delicti) adduced to permit the admission of Harrington’s confession to the police officers that he had sex with the fourteen-year old victim, K.E. Had Harrington timely objected at trial, the trial judge should have properly overruled his objection. Harrington’s confession and the other evidence adduced at trial were sufficient to support his conviction and his motions for judgment of acquittal should have been denied.
The record discloses that Harrington was charged with one count of lewd or lascivious battery[2] stemming from an incident in March 2001. He was also charged with violating his probation based on this offense. He was tried simultaneously for the substantive offense and the probation violation.
At the trial, the mother of the victim testified she chaperoned a party attended by her daughter at a friend’s house. The party ended around 11:00 p.m. and K.E. planned to spend the night at her friend’s house. The mother next saw her daughter about two and one-half hours later. At this point, K.E. was comatose and incoherent due to extreme intoxication and the mother took her to the hospital.
*1233 Dobson, a teenage witness, testified he and Harrington were at the same party with K.E.[3] Later that night, he and Harrington went to Lee Dey’s house. While at Dey’s house, he walked outside and saw Harrington and K.E. in the back of a pickup truck. Harrington was on top of K.E. with his pants down below his buttocks. The two were moving up and down in a sexual way. Another teenage witness, Harrison, who had also been at the party, testified Harrington told her later that he was intoxicated that evening, but he was pretty sure he had sex with K.E. These testimonies are clearly sufficient to constitute corpus delicti of the charged crime of lewd or lascivious battery on a minor.[4]
In the course of investigating this crime, Harrington was interviewed by detectives from the Sheriffs Office. They explained his Miranda[5] rights. Harrington admitted to them that he had sex with K.E. in the back of the pickup truck. He said he did not force himself on her but rather she pulled his pants down and initiated the sexual contact.
After the state rested, Harrington moved to strike his confession to the police officers on the ground that no corpus de-licti of the crime had been established before his police confession was admitted. He also moved for judgment of acquittal. These motions were denied. After the defense presented its case, Harrington renewed his motion for judgment of acquittal. The motion was again denied.
While the jury was deliberating, the judge found there was insufficient evidence of the probation violation based on the evidence presented in the case. Given this ruling, Harrington renewed his motion for judgment of acquittal. Before the court ruled, the jury returned its verdict, finding Harrington guilty of the lesser offense of attempted lewd or lascivious battery.
After the verdict, Harrington again moved for judgment of acquittal. The judge said he believed Harrington was primarily convicted based on his confession to the police officers and that his confession should not have been admitted based on the corpus delicti rule. The judge also said he disbelieved the two teenage witnesses, or disregarded their testimony because Dobson admitted to being intoxicated at the party, and Harrison’s demeanor at the trial offended the judge. She appeared to be grinning as though she thought the trial was a joke. Finally, the trial judge stated he felt because of the circumstances and manner in which the sexual activity took place, it would be to harsh to convict Harrington and to cause him to be registered as a sexual offender for the rest of his life “based on his confession.”
Two of these considerations are jury matters, not judicial matters: credibility of witnesses, and jury pardons. Granting a judgment of acquittal for those reasons was clearly erroneous.
With regard to the corpus delicti ground, the trial judge also erred both because procedurally the matter was untimely presented and because substantively, it did not apply in this case to bar *1234 admission of the confession. The rule requires that the prosecution must present independent evidence that a charged crime was committed before being able to use the defendant’s own statements or confession in court. Baker v. State, 760 So.2d 1085 (Fla. 5th DCA 2000). As stated above, I think sufficient independent evidence was presented through Dobson’s and Harrison’s testimony.
But, even if those testimonies were insufficient, section 92.565 has eliminated corpus delicti as a predicate for the admission of a defendant’s confession in sexual abuse cases where the state is unable to establish every element of the offense because the victim is physically or mentally incapacitated. State v. Dionne, 814 So.2d 1087 (Fla. 5th DCA 2002); Peterson v. State, 810 So.2d 1095 (Fla. 5th DCA 2002).[6] Once the statutory predicate is established, the state must prove there is suffi-dent corroborating evidence that tends to establish the trustworthiness of the defendant’s confession. A hearing must be conducted by the judge outside the presence of the jury and specific findings of fact must be made on the record to support his or her ruling.[7]
Here the state was unable to show the existence of every element of the crime because the victim was incapacitated from excessive alcohol consumption. In the post-verdict hearing, the judge questioned the credibility of the two teenage witnesses (Dobson and Harrison) but not the credibility of the two detectives who testified about the circumstances surrounding Harrington’s confession. Their testimony regarding the circumstances under which the confession was made was more than sufficient to establish the trustworthiness of that confession.[8]
*1235 While the judge did not hold a separate hearing, the substantive provisions of section 92.565 were clearly met. Thus Harrington’s confession was properly admitted and considered by the jury. Harrington’s confession and the other evidence adduced at trial were sufficient to support his conviction for attempted lewd or lascivious battery. Accordingly, I concur with reinstatement of the jury verdict.

. By declining to address the substantive issues, the majority opinion sets the stage for an ineffective assistance claim for counsel's failure to object to admission of Harrington's confession. However, since any objection should have been overruled, counsel's failure to object (in my view) would not have changed the outcome and thus does not constitute ineffective assistance of counsel. Du-perier v. State, 590 So.2d 511 (Fla. 4th DCA 1991)(motion to suppress cocaine was properly denied and thus defendant was not denied effective assistance by trial counsel’s failure to preserve issue for appeal by not objecting at time cocaine was offered into evidence; counsel's failure would not have changed outcome of case, as trial court would properly have overruled objection and ruling would have been affirmed on appeal).

. § 800.04(4)(a), Fla. Stat. (2001).

. Dobson’s age could not be determined from the record on appeal but the trial judge referred to him as a teenager.

. Section 800.04(4)(a) provides that a person who engages in sexual activity with a person 12 years of age or older but less than 16 years of age commits lewd or lascivious battery, a second degree felony. "Sexual activity” is defined as the oral, anal, or vaginal penetration or union with the sexual organ of another or the anal or vaginal penetration of another by any other object.

.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. This section specifically applies to a prosecution in which the defendant, such as Harrington, is charged with violating section 800.04. § 92.565(2), Fla. Stat.

. Section 92.565, Florida Statutes, provides
(1) As used in this section, the term "sexual abuse” means an act of a sexual nature or sexual act that may be prosecuted under any law of this state, including those offenses specifically designated in subsection (2).
(2)In any criminal action in which the defendant is charged with a crime against a victim under s. 794.011; s. 794.05; s. 800.04; s. 826.04; s. 827.03, involving sexual abuse; s. 827.04, involving sexual abuse; or s. 827.071, or any other crime involving sexual abuse of another, or with any attempt, solicitation, or conspiracy to commit any of these crimes, the defendant’s memorialized confession or admission is admissible during trial without the state having to prove a corpus delicti of the crime if the court finds in a hearing conducted outside the presence of the jury that the state is unable to show the existence of each element of the crime, and having so found, further finds that the defendant’s confession or admission is trustworthy. Factors which may be relevant in determining whether the state is unable to show the existence of each element of the crime include, but are not limited to, the fact that, at the time the crime was committed, the victim was:
(a) Physically helpless, mentally incapacitated, or mentally defective, as those terms are defined in s. 794.011;
(b) Physically incapacitated due to age, infirmity, or any other cause; or
(c) Less than 12 years of age.
(3) Before the court admits the defendant's confession or admission, the state must prove by a preponderance of evidence that there is sufficient corroborating evidence that tends to establish the trustworthiness of the statement by the defendant. Hearsay evidence is admissible during the presentation of evidence at the hearing. In making its determination, the court may consider all relevant corroborating evidence, including the defendant's statements.
(4) The court shall make specific findings of fact, on the record, for the basis of its ruling.

.The detectives informed Harrington of his Miranda rights and he said he understood *1235 them. The detectives did not coerce or promise Harrington anything in exchange for his statement. At the beginning of his statement, Harrington indicated he understood his rights, knew how to read and write English, and that he was not under the influence of drugs or alcohol. He also said he was giving his statement freely and voluntarily, without any promise or reward, and without any coercion.