PER CURIAM.
Petitioners Robert Earl Tippens, Thomas Edward Jurkowich, and Richard Walker allege that the district courts below *1279 issued orders that expressly and directly conflict with decisions of other district courts or of this Court. See art. V, § 3(b)(3), Fla. Const. We consolidated these cases for purposes of this opinion, and we dismiss all three cases for lack of subject-matter jurisdiction.
1. Facts
Tippens was charged with several crimes and the trial court denied his motion to suppress his confession. He entered pleas and was sentenced to a term of imprisonment. He later filed in the district court a document entitled “Appellant’s Initial Brief to Denial of Motion to Suppress Confession.” He then filed a letter in this Court, asking the Court to order that the record on appeal be supplemented with a transcript of the hearing on his motion to suppress. This Court treated the letter as a petition for writ of mandamus and transferred it to the district court. The district court then issued an order that provided as follows in full:
Upon consideration that Appellant entered pleas in his criminal case(s) below, it is
Ordered that the Motion to Supplement Record with Transcript of Hearing on Motion to Suppress that was transferred from the Supreme Court of Florida is denied. Such denial is without prejudice to allege or demonstrate that in entering his pleas Appellant reserved his right to appeal the suppression order as dispositive of the cases.
Based on the above order, Tippens now has filed in this Court a petition for review, alleging direct conflict. Specifically, he challenges that portion of the order that denies his motion to supplement the record.
Jurkowieh was convicted of a criminal offense and was sentenced to a term of imprisonment. He appealed and the district court, in the course of the appellate proceedings, issued an order that provided as follows in full:
The appellant’s motion for relief of filing deadlines seeking a 25 day extension on all filings, filed on December 17, 2002, is denied.
Appellant’s petition for enlargement of time, filed on December 23, 2002, is granted, and time for service of the initial brief is extended 60 days from the date of this order. The appellant’s petition for enlargement of time for service of the reply brief is denied as premature.
Based on the above order, Jurkowieh now has filed in this Court a petition for review, alleging direct conflict. Specifically, he challenges that portion of the order that denies his motion for relief from filing deadlines.
Walker was convicted of a criminal offense and was sentenced to a term of imprisonment. He later filed in circuit court a postconviction motion under Florida Rule of Criminal Procedure 3.850, which was summarily denied. He appealed and the district court, in the course of the appellate proceedings, issued an order that provided as follows in full:
Upon consideration of Appellant’s Motion for Extension of time, filed November 25, 2003, it is
Ordered that Appellant is granted to and including January 5, 2004, to file and serve an initial brief in this cause. No further enlargement of time will be granted Appellant for this purpose. See also Davis v. State, 660 So.2d 1161 (Fla. 4th DCA 1995). Appellant’s concurrent request to require the lower court to supply relevant legal materials is denied.
Based on the above order, Walker now has filed in this Court a petition for review, alleging direct conflict. Specifically, he challenges that portion of the order that denies his request for access to legal materials.
*1280 2. The Applicable Law
Article V, section 3(b)(3), Florida Constitution, provides the basis for the Court’s direct conflict jurisdiction. Section 3(b)(3) states that, in order to meet jurisdictional requirements, the decisional conflict must be both express and direct:
(b) JURISDICTION. — The supreme court:
[[Image here]]
(3) May review any decision of a district court of appeal ... that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.
Art. V, § 3(b)(3), Fla. Const.
This Court in Florida Star v. B.J.F., 530 So.2d 286 (Fla.1988) (hereinafter “Florida Star II”), addressed the Court’s subject-matter jurisdiction under section 3(b)(3). There, a newspaper published the name of a rape victim, and the victim sued the newspaper. The newspaper moved to dismiss the suit; the motion was denied; and the district court affirmed. The newspaper sought discretionary review in this Court, which was denied, and the newspaper appealed to the United States Supreme Court. See Florida Star v. B.J.F., 484 U.S. 984, 108 S.Ct. 499, 98 L.Ed.2d 498 (1987) (hereinafter “Florida Star I”). The victim moved to dismiss the appeal as untimely, arguing that because the Florida Supreme Court lacked discretionary jurisdiction to review the case, as evidenced by its denial of review, the newspaper should have appealed to the United States Supreme Court within ninety days after issuance of the Florida district court decision. The United States Supreme Court certified the following question to this Court:
Whether the Florida Supreme Court had jurisdiction, pursuant to Article V, Section 3(b)(3) of the Florida Constitution or otherwise, to hear appellant’s [petition for review] in this cause from the Florida First District Court of Appeal?
Florida Star I, 484 U.S. at 984, 108 S.Ct. 499.
In response, this Court explained that its direct conflict jurisdiction is a two-tiered concept: “The first [tier] is a general grant of discretionary subject-matter jurisdiction, and the second [tier] is a constitutional command as to how the discretion itself may be exercised.” Florida Star II, 530 So.2d at 288. The Court described the first-tier limitations thusly:
This Court does not, however, have subject-matter jurisdiction over a district court opinion that fails to expressly address a question of law, such as [a decision] issued without opinion or citation .... Moreover, there can be no actual conflict discernible in an opinion containing only a citation to other case law unless one of the cases cited as controlling authority is pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or unless the citation explicitly notes a contrary holding of another district court or of this Court.
Florida Star II, 530 So.2d at 288 n. 3. Specifically, the district court decision under review “must contain a statement or citation effectively establishing a point of law upon which the decision rests.” Id. at 288. The Court answered the certified question in the affirmative.
3. The Present Cases
Applying Florida Star II to the present cases, we conclude that the district court orders fail to meet the above standard. First, the challenged ruling in Tip-pens’s case is a simple denial of a motion to supplement the record, with no statement of the factual or legal basis for the ruling. Although the order contains addi *1281 tional language addressing the issue of prejudice, that matter is not contested and is not before the Court. Second, the challenged ruling in Jurkowieh’s case is a denial of a motion for relief from filing deadlines, with no statement of the factual or legal basis for the ruling. Although the order contains additional language addressing other matters, those matters are not contested and are not before the Court. And third, the challenged ruling in Walker’s case is a denial of a request for access to legal materials, with no statement of the factual or legal basis for the ruling. Although the order contains additional language addressing an enlargement of time, that matter is not contested and is not before the Court. In all three cases, the orders do not “contain a statement or citation effectively establishing a point of law upon which the decision rests” with regard to the contested rulings. See Florida Star II, 530 So.2d at 288.
4. Conclusion
Based on the foregoing, we conclude that the district court orders in the present cases fail to meet the Florida Star II standard set forth above, and we lack subject-matter jurisdiction over these cases. Accordingly, we dismiss the petitions for review. No motion for rehearing or clarification will be entertained in these cases or in any other case that we may dismiss in the future based on the reasoning set forth herein. See Fla. R.App. P. 9.330(d).
It is so ordered.
PARIENTE, C.J., and WELLS, QUINCE, CANTERO, and BELL, JJ„ concur.
ANSTEAD and LEWIS, JJ„ concur in result only.