KELLY, Judge.
The State appeals from the order granting the motion to suppress Josh Carroll’s statements to law enforcement officers during a custodial interrogation. The State argues that the conduct of the officers during the interrogation did not render Carroll’s confession involuntary. We agree and reverse.
Detective Duff, acting on allegations that Carroll had engaged in lewd and lascivious conduct with a minor, asked Carroll to accompany him to the sheriffs office for questioning. During the interview, Carroll confessed. He later filed a motion to suppress alleging he was induced into incriminating himself by the detective’s misleading statements.
At the hearing, Carroll pointed to certain statements made by the detective during the interview as objectionable, including the following:
So it’s probably a good time for you to help yourself out right now, you know, and just see what it is that we can do to help you out, you know, because, um-. Like I said, it’s not the end of the world, you know. It’s not the worst thing anybody ever did. Like I said, it’s not like you’re abusing your little girl. That would be a whole different story with us right now, man.
[[Image here]]
You used a thirteen-year-old kid who was willing to do it, you know. I mean, that’s a whole lot different than a guy that’s, you know, forcing little kids to do something to him.
[[Image here]]
Well, I don’t know if it’s really taking advantage of it if it’s something that he was consenting to do, you know? I mean, he consented to it. It’s not like you’re this seedy little — And you’ve never been in trouble before. I’ve done a *931 criminal history on you. You’ve never gotten in trouble.
The trial court granted Carroll’s motion to suppress, finding that Carroll’s admissions were involuntarily made based on the totality of the circumstances, including “the offering of an inducement, downplaying the seriousness of the allegations, suggesting that the alleged victim may have consented to the alleged criminal activity, the Defendant’s lack of education, and his lack of a prior record indicating his inexperience in being interrogated by the police.”
The test of voluntariness of a confession is whether, examining the totality of the circumstances, the confession was the product of coercive police conduct. See Martin v. State, — So.3d-(Fla. 2012). In assessing the totality of the circumstances, and the defendant’s ability to overcome pressure asserted against him, courts examine such factors as youth, level of education, intelligence, explanation of constitutional rights, the length of the interrogation, and prior experience with police. Lages v. State, 640 So.2d 151, 153 (Fla. 2d DCA 1994). An interrogating officer may, without rendering a confession involuntary, promise to make a suspect’s cooperation known to the prosecutor or advise the suspect that “it would be easier on him” if he cooperated. Blake v. State, 972 So.2d 839, 844 (Fla.2007) (quoting Bush v. State, 461 So.2d 936, 939 (Fla. 1984)). Promises by law enforcement officers are objectionable if they establish a quid pro quo bargain for the confession. State v. Walter, 970 So.2d 848, 851 (Fla. 2d DCA 2007) (“Where there is an express quid pro quo, such as a promise of protection from prosecution for cooperation, the promise of leniency may render a confession or inculpatory statement involuntary.”).
In this case, the detective’s statement that he would “see what it is that we can do to help you out” did not rise to the level of a promise of leniency in return for Carroll’s confession. Cf. Brockelbank v. State, 407 So.2d 368 (Fla. 2d DCA 1981) (holding that suppression of the defendant’s statements was warranted where the officers promised the defendant an immediate release from jail and that no other charges would be filed against him if he confessed to the charges). Day v. State, 29 So.3d 1178 (Fla. 4th DCA 2010), and Ramirez v. State, 15 So.3d 852 (Fla. 1st DCA 2009), relied on by the trial court, are distinguishable from this case. In Day and Ramirez, the officers made multiple promises of help which induced the defendants to confess; such is not the case here.
Although education and experience with the criminal justice system are factors to be considered in the totality of the circumstances standard, these factors alone are not sufficient to establish coercion. Peterson v. State, 810 So.2d 1095 (Fla. 5th DCA 2002) (holding that even though the defendant was functionally illiterate and of low normal intelligence, there was no showing that the confession was involuntary or coerced where the interview lasted only twenty-five minutes, there was no showing of force, the defendant willingly agreed to talk, he was read his Miranda rights, and the atmosphere during the interview was not intimidating). Notwithstanding that Carroll only has a ninth-grade education, the recording of the interrogation demonstrates that Carroll was able to converse intelligently with the detective and that the interview lasted only twenty-two minutes. Finally, the fact that the detective may have misled Carroll into believing that the victim could consent to the sexual activity is insufficient to find that the confession was involuntary. See Wyche v. State, 906 So.2d 1142, 1144 (Fla. *932 1st DCA 2005) (“Absent coercion, threats, or misrepresentation of authority, the courts have long recognized deception as a viable and proper tool of police investigation.”).
Accordingly, we reverse the order suppressing Carroll’s incriminating statements and remand for further proceedings.
Reversed and remanded.
CASANUEVA and LaROSE, JJ„ Concur.