CANADY, J.,
dissenting.
I would discharge jurisdiction because the Fifth District Court of Appeal’s decision in this case, Polite v. State, 41 So.3d 935 (Fla. 5th DCA 2010), does not conflict with the decisions of the Fourth District in Hernandez v. State, 31 So.3d 873 (Fla. 4th DCA 2010), and Montano v. State, 846 So.2d 677 (Fla. 4th DCA 2003), and of the Second District in Smith v. State, 880 So.2d 730 (Fla. 2d DCA 2004). Our discretionary jurisdiction over a case alleged to be in express and direct conflict, see art. V, *280 § 3(b)(3), Fla. Const., requires that the “district court decision under review ‘must contain a statement or citation effectively establishing a point of law upon which the decision rests.’” Tippens v. State, 897 So.2d 1278, 1280 (Fla.2005) (quoting Florida Star v. B.J.F., 530 So.2d 286, 288 (Fla.1988)). In Polite, the district court expressly held that the defendant’s claim of error regarding the admission of evidence of past recollection recorded “was not properly preserved for appellate review.” 41 So.3d at 939; see § 90.803(5), Fla. Stat. (2008) (governing admission of past recollection recorded). The Fifth District’s decision rests on this holding. Accordingly, the district court’s further discussion of its “belief’ that had the claim been preserved, the defendant would not be entitled to relief is dicta. See 41 So.3d at 939. As a result, there is no conflict of decisions regarding the admissibility of evidence under section 90.803(5) providing a basis for the Court’s exercise of its discretionary jurisdiction.
POLSTON, C.J., concurs.