# Supreme Court of Florida

_____

No. SC19-1916
_____

**JIMMY LEE WHEELER,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 11, 2020

PER CURIAM.

Petitioner Jimmy Lee Wheeler has filed a "Notice of Appeal," which was treated as a notice to invoke the Court's discretionary jurisdiction pursuant to article V, section 3(b)(3), of the Florida Constitution. Wheeler seeks review of an unelaborated order from the Second District Court of Appeal, striking his brief as unauthorized. We dismiss this case for lack of jurisdiction.

## BACKGROUND

Wheeler filed a petition for writ of habeas corpus in the Second District Court of Appeal. On September 9, 2019, the district court issued an unelaborated order denying the petition. Wheeler then filed a motion for rehearing and an

amended motion for rehearing, as well as an initial brief. On October 2, 2019, the

Second District denied the amended motion for rehearing. On October 3, the

district court issued an order striking the brief. The order states in full:

"Petitioner's brief is stricken as unauthorized." Wheeler's notice specifically seeks

the Court's review of the Second District's order "dated October 3, 2019."[1]

## ANALYSIS

Article V, section 3(b)(3), Florida Constitution, provides that this Court may

review any decision of a district court of appeal that

> expressly declares valid a state statute, or that expressly construes a
> provision of the state or federal constitution, or that expressly affects a class
> of constitutional or state officers, or that expressly and directly conflicts with
> a decision of another district court of appeal or of the supreme court on the
> same question of law.

Each of the provisions in this section requires that the basis for jurisdiction be

"expressed" in the district court's decision. Indeed, this Court has long held that it

lacks jurisdiction to review unelaborated orders or opinions from the district courts

of appeal that do not expressly address a question of law. In *Florida Star v. B.J.F.*,

---

1. Had Wheeler sought review of the Second District's orders denying his habeas petition and his amended motion for rehearing, his case would have been subject to administrative dismissal. *See Stallworth v. Moore*, 827 So. 2d 974, 978 (Fla. 2002) ("[T]his Court does not have discretionary review jurisdiction or extraordinary writ jurisdiction to review per curiam denials of relief, issued without opinion or explanation, whether they be in opinion form or by way of unpublished order.").

530 So. 2d 286 (Fla. 1988), the Court considered the following question of Florida

law certified by the United States Supreme Court:

> Whether the Florida Supreme Court had jurisdiction, pursuant to
> Article V, § 3(b)(3) of the Florida Constitution or otherwise, to hear
> Appellant's appeal [petition for review] in this cause from the Florida
> First District Court of Appeal?

*Id.* at 287 (footnote omitted) (bracketed language in original). The Court answered

the certified question in the affirmative, holding that it has "subject-matter

jurisdiction under article V, section 3(b)(3) of the Florida Constitution, over any

decision of a district court that expressly addresses a question of law within the

four corners of the opinion itself. That is, the opinion must contain a statement or

citation effectively establishing a point of law upon which the decision rests." *Id.*

at 288 (footnote omitted). In contrast, "[t]his Court does not . . . have subject-

matter jurisdiction over a district court opinion that fails to expressly address a

question of law, such as opinions issued without opinion or citation." *Id.* at 288

n.3.

In *Gandy v. State*, 846 So. 2d 1141 (Fla. 2003), we reiterated our holding in

*Florida Star*:

> This Court in *Florida Star*, in express recognition of its
> decision in [*Jollie v. State*, 405 So. 2d 418 (Fla. 1981)], and in implicit
> recognition of its decision in [*Dodi Publishing Co. v. Editorial
> America, S.A.*, 385 So. 2d 1369 (Fla. 1980)], cautioned that we do not
> "have subject-matter jurisdiction over a district court opinion that fails
> to expressly address a question of law, such as [decisions] issued
> without opinion or citation." 530 So. 2d at 288 n. 3. This Court

explained that, for this Court to have subject-matter jurisdiction over a district court decision containing only a citation to other authority, the citation would have to be to a case that was "pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or . . . the citation [would have to] explicitly note[ ] a contrary holding of another district court or of this Court." *Id.* . . .

In other words, absent a citation falling into one of the limited categories identified in *Jollie* and reaffirmed in *Florida Star*, a district court decision must contain "some statement," indicating that it has "expressly addresse[d] a question of law within the four corners of the opinion itself," which could "hypothetically . . . create conflict if there were another opinion reaching a contrary result," for this Court to have subject-matter jurisdiction to review the case pursuant to article V, section 3(b)(3) of the Florida Constitution. *Id.* at 288.

*Id.* at 1143-44 (third, fourth, fifth, and sixth alterations in original).

In *Tippens v. State*, 897 So. 2d 1278 (Fla. 2005), we applied the principles in *Florida Star* to dismiss petitions seeking review of nonfinal orders from the district courts. The opinion in *Tippens* addressed three consolidated cases. In the first case, petitioner Robert Tippens sought review of an order that stated:

Upon consideration that Appellant entered pleas in his criminal case(s) below, it is

Ordered that the Motion to Supplement Record with Transcript of Hearing on Motion to Suppress that was transferred from the Supreme Court of Florida is denied. Such denial is without prejudice to allege or demonstrate that in entering his pleas Appellant reserved his right to appeal the suppression order as dispositive of the cases.

*Id.* at 1279. In the second case, petitioner Thomas Jurkowich sought review of an order that stated:

The appellant's motion for relief of filing deadlines seeking a 25 day extension on all filings, filed on December 17, 2002, is denied.

- 4 -

Appellant's petition for enlargement of time, filed on December 23, 2002, is granted, and time for service of the initial brief is extended 60 days from the date of this order. The appellant's petition for enlargement of time for service of the reply brief is denied as premature.

*Id.* And in the third case, petitioner Richard Walker sought review of an order that stated in full:

Upon consideration of Appellant's Motion for Extension of time, filed November 25, 2003, it is

Ordered that Appellant is granted to and including January 5, 2004, to file and serve an initial brief in this cause. No further enlargement of time will be granted Appellant for this purpose. *See also Davis v. State*, 660 So. 2d 1161 (Fla. 4th DCA 1995). Appellant's concurrent request to require the lower court to supply relevant legal materials is denied.

*Id.* As to each case, we concluded that the orders on review did not meet the standard in *Florida Star*, in that "the orders do not 'contain a statement or citation effectively establishing a point of law upon which the decision rests' with regard to the contested rulings." *Id.* at 1281 (quoting *Florida Star*, 530 So. 2d at 288).

In the case before us, the Second District's order, like the orders in *Tippens*, does not contain any statement or citation establishing a point of law upon which the decision rests. It merely strikes Wheeler's brief as unauthorized, without further explanation. As we did in *Tippens*, we hold that the Court lacks lack jurisdiction to review the order.

- 5 -

## CONCLUSION

For the reasons explained above, we dismiss Wheeler's petition for review because we lack jurisdiction to review the Second District's order. Additionally, because this Court lacks discretionary review jurisdiction under the Florida Constitution to review this type of case, we authorize the Office of the Clerk to administratively dismiss petitions seeking review of similar unelaborated, non-final orders from the district courts of appeal that "fail[] to expressly address a question of law." *Florida Star*, 530 So. 2d at 288 n.3. No motion for rehearing or clarification will be entertained in this case. *See* Fla. R. App. P. 9.330(d)(2).

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.
COURIEL, J., did not participate.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Second District - Case No. 2D19-2823

(Polk County)

Jimmy Lee Wheeler, pro se, Crawfordville, Florida,

for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, and C. Suzanne Bechard, Assistant Attorney General, Tampa, Florida,

for Respondent